PearsoN, J.,
after stating the case as above, proceeded: The right of the plaintiff to an injunction is put on the ground that he was told by Mrs. West, and by Mr. Allen, who was acting for himself and wife, and as the agent of Mrs. West and the other two children, of whom she was guardian, that he was one of the sureties of Rhodes, the administrator; and that he made the settlement, and gave the note in question, under the supposition that he was one of the sureties — into which mistake he was led by the untrue statements of Mrs.West and Mr. Allen. Mrs. West denies positively the allegation that she ever made such a statement to the plaintiff. She says she never had any idea or notion, that the plaintiff was one of Rhode’s sureties ; that Mr. Allen never told her any such thing ; and she does not believe that the plain *34 tiff made the settlement under any such supposition. On the contrary, she believes he made it because he had undertaken to act in Rhode’s place, and had received, and was accountable for, the assets of the estate. The answer of Mrs. West is full, so far as she has any knowledge, information, or belief. But Mr. Allen is dead, and Mrs. West can say nothing about the allegation, that he told the plaintiff that he was one of the sureties ; because she knows nothing, not being present at the settlement, except drat Mr. Allen never told her any such thing, and from circumstances, she does not belive the plaintiff acted under any such mistake.
The question is this : The defendant makes a full answer in regard to all matters, of which she has any knowledge or information ; but there is one fact, not alleged to be within her knowledge, and evidently not so, in regard to which she can say nothing, because she knows nothing, and has no information except that derived from the plaintiff; — has the plaintiff a right to have the. injunction continued to the hearing, because that one allegation is not answered ? — every other allegation, upon which his equity rests, being positively denied, 'save the one in regard to which the defendant has no knowledge or information.
The injunction is, to stay execution upon a judgment for a debt recovered at law. This class of injunctions differs very essentially from injunctions to prevent irreparable injury, as to stay waste, in regard to which very different considerations are involved. The distinction is a plain one ; and yet, as we had occasion to say in Purnell v. Daniel, 8 Ire. Eq. 9, it does not seem to be sufficiently attended to on the circuits. In the one, the defendant in equity has established his right by the judment at law ; and the only question is, should the plaintiff in equity be allowed to keep him out of his money until an alleged equity is settled ? In the other, the question of right is open, and there is the further consideration that to remove the injunction, would be to allow the thing about which the parties are in dispute, to be done before the dispute is heard, when the defendant cannot be put in statu quo: for “ if a tree is cut down, it cannot be made to grow again.” Hence, the principles regulating the dissolution of injunctions of the latter class are governed by considerations wholly different from those applicable to the former.
*35 In regard to injunctions of the class which includes the case now presented, Our Courts have departed somewhat from the English practice, by holding that when the answer is unfair and evasive, and does not respond to the allegations of the bill, the injunction will be continued to the hearing, although the equity of the plaintiff is not confessed. In the very great number of. cases upon the subject, some confusion has arisen, and the line of demarcation is not as well defined as could be wished. Our present object is to fix this line, in order to see on which side orn-ease falls. For this purpose, it will be necessary to advert to the English practice, and to ascertain, if possible, the grounds on. which our Courts felt obliged to make a departure ; and in this way fix on a principle which will limit the extent of the departure.
“ Injunctions, (unless issued upon special application in urgent cases, as of waste,) after bill filed and affidavit, can only be obtained upon the defendant's answer ; or upon an order for time to answer, or an attachment for want of an answer.” 2 Madd. ch. 220.
“ The Court will not, before answer, restrain proceedings on a. judgment, unless it be for want of an answer.” Ibid 221.
Thus, according to the English practice, an injunction of the kind we have under consideration, could not be obtained, except upon the discovery made by the answer, and the confession of the plaintiff’s equity — unless the defendant was in default, by failing to put in answer,
“ It must be remembered that it is a general rule, that upon an original bill, the plaintiff cannot have the common injunction, until some default by the defendant.” “ The affidavit of merits must in general be made by the plaintiff himself.” “ Where the bill has been filed, and the subpoena to appear regularly served, the plaintiff may obtain the common injunction, on the defendant’s making default in not appearing; or, having appeared, in not answering within the times prescribed,” (four days in a term cause, and eight days in a countfy cause.) Drewry on injunctions, 230, 231.
The proper course to dissolve the Common injunctions is, upon the answer coming in and an order nisi, that is, an order that unless, on a future day, the plaintiff shows good cause to the contrary, the injunction shall be dissolved. ” “On the day for show *36 ing cause, the defendant moves to make the order nisi absolute, and the plaintiff then elects whether he will show for cause objections to the answer, or the merits, as they appear in it.'” If electing the former course, he excepts to the answer for insufficiency, and cannot maintain the exceptions, the injunction, is gone — it is ipso facto dissolved, on the Master’s reporting the answer sufficient.” Ibid, 267.
If he elects to show for cause merits confessed in the answer, the question depends upon the answer alone ; and u except in a few excepted cases, though five hundred affidavits were filed, not only by the plaintiff, but by many witnesses, not one could be received to contradict the answer. Clasham v. White, 8 Ves. 35; Ibid, 275.
“ Though no affidavits can be read to contradict the answer, they may, to substantiate written instruments alleged by the bill, and neither admitted nor denied by the answer(e g., the receipt alleged in the bill to have been given to the plaintiff as surety of Rhodes, about which the defendant says she knows nothing, and which the plaintiff does not produce?)
“ It seems to have been formerly the practice to allow affidavits to be read, in support of allegations made by the bill as to acts of the parties, neither admitted nor denied by the answer ; but it is settled to the contrary. If deeds or letters be stated in the bill, and the defendant says he does not know whether the statement is correct or not, they may be verified by affidavit. But as to facts and circumstances which the defendants do not know of, if the benefit of them cannot be had from the defendants’ consciences, it cannot be had at all, except so far as the plaintiff in equity may be able to prove them at the trial.” Ibid, 276; for which is cited Barrett v. Tickell, (Jac. 154,) 4th Cond. Ch. Rep. 70; which case we have examined, and find it fully supports the position for which it is cited.
“ In a very late case-, where, upon showing merits confessed in the answer, as cause against dissolving an injunction, the counsel for the plaintiff tendered an affidavit to substantiate certain allegations in the bill, as to which the defendant stated in his answer that he was ignorant, the Vice Chancellor refused it, saying ‘ the point was quite settled.’ ” Id. 276, (margin, 426.)
*37 According, then, to the English practice, from which we derive our notions of equity practice, it is settled that if the answer is full, that is, not excepted to for insufficiency, the plaintiff can only support his injunction to the hearing, by a discovery obtained from the defendant, or, as is said in the English books, “ upon equity confessed in the answer;” for, if the plaintiff fails to prove his allegations by the admissions of the answer, he is without proof, and “ Iris injunction is gone.” The idea that he can prove his allegations by his own affidavit, is out of the question. He is not allowed to prove them in this stage of the case, by the affidavit of disinterested persons; and it is a maxim, that the affidavit of the party interested is never received, except to initiate proceedings. It is upon this maxim that the rule is founded, which was contended for by Mr. Moore, that if the defendant admits the equity set up by the plaintiff, and seeks to avoid it, by alleging new matter, the allegations will not avail him, because he has no proof of it, and his own affidavit cannot be taken as proof . He is then like a plaintiff, who has failed to obtain a discovery from the defendant, i. e., without proof-, and has no equity, except so far as he may be able to prove his allegations at the trial.
It remains to be considered how far, and on what ground, we have departed from the English practice.
In England, the Court of Equity is always open: here, it is only open twice a year, and then but for one week. It was therefore necessary to make some change, particularly in regard to injunctions to stay executions upon judgments at law; for if they were never to issue, except upon equity confessed in the answer, or in default of an answer, they would in most cases come too late. Hence, it was provided by the Act of 1800, Rev. Stat., ch. 32, sec. 11-12, that a Judge, at Chambers, might issue an injunction to stay an execution upon a judgment at law, provided that bond was given to pay the amount, upon the dissolution of the injunction, and the application was made within four months after the judgment was obtained — thus, in this particular, placing injunctions of the kind we are considering, upon a footing with injunctions of the other kind, or to stay waste. It was then seen by tire Courts, that in every case a plaintiff could have his injunction continued over, for at least six months, simply by filing ex *38 ceptions to the answer; which could not be reported upon at the first term of the Court, owing to its limited duration. This bore hardly upon plaintiffs at law, who were kept out of their money.
It was thereupon decided, that the motion for a dissolution, and the exceptions, might be brought on at the same time, and the injunction would be dissolved, unless the exceptions were sustained, or the equity of the bill was confessed. This matter is fully discussed and explained by Chief Justice Ruffin, in Smith v. Thomas, 2 Dev. & Bat. Eq., 126, and again in Edney v. Mots, 5 Ire. Eq. 234. The preeminence of Chief Justice Ruffin, in regard to equity practice is admitted by all, and we have nothing to say except £íwhat he has already said.” Thereupon it grew into a practice not to dissolve an injunction, when exceptions were filed, or might have been filed, for insufficiency of the answer;either because it did not respond to the allegations within the knowledge of the defendant, or gave an unfair, equivocal or evasive answer, which would be good cause for exceptions. So the principle established is this : Inasmuch as our Courts of Equity are not always open, and are open only twice in the year, and then hut for one week, the plaintiff,, (upon a motion to dissolve an injunction,) may rely not only upon the equity “ confessed in the answer,” but may have the benefit of any exception to the sufficiency of the answer; so that, if it does not respond to an allegation, the want of which response would be good ground of ex-eception, or if it is evasive or manifestly unfair, which would also he good ground of exception, the injunction will be continued to the hearing. In other words, the defendant cannot have the injunction dissolved, without putting in a full answer, that is, an answer which would be sustained upon exceptions.
The principle then is fixed, and the extent of the departure is limited by the necessity growing out of a different state of things in our judiciary system — and it is this : We have not time to consider exceptions to an answer ; therefore, upon a motion to dissolve an injunction, we will look into any matter of exception, and not confine ourselves to the equity confessed by the answer.
In the case under consideration, there is no equity confessed by the answer, and there is no ground of exception to the answer. It is full as to all matters within the knowledge and information *39 of the defendant, and if it had been excepted to, the Master would have reported against the exceptions ; and as the plaintiff was not able to maintain his exceptions, “ the injunction is gone ” — it is ipso facto dissolved, on the Master’s reporting the answer sufficient. Drewiy on Injunctions, cited supra.
The interlocutory order dissolving the injunction is affirmed. This opinion will be certified.
Per Curiam. Decree below affirmed.