P. N. HEILIG and others *v.* THOMAS STOKES and J. N. PEN-
NINGTON.

That a provisional injunction is granted *before* the issuing of a sum-
mons in the case, is a mere irregularity, which if waived by the de-
fendant, the Court will not notice *sua sponte.*

The Constitutional prohibition (Art. 4, Sec. 10,) of trials of "issues
of fact" by the Supreme Courts extends to *issues* of fact as hereto-
fore understood, and does not hinder that tribunal from trying, (*ex.
gr.*) such questions of fact as may be involved in a consideration of
the propriety of continuing or vacating an order for a provisional
injunction.

The common injunction (as distinguished from the special) is directed
against a *party* to some suit that involves an *equity* which it is de-
sired to protect; and therefore does not include a provisional injunc-
tion (as here) in favor of a creditor, against his debtor and a third
person who are alleged to be conspiring to defraud him.

Therefore, in such a case the injunction will be continued, if it appear
reasonably necessary for the protection of the plaintiff's rights.
until the trial.

(*Patrick* v. *Joyner, ante* 573, *Capehart* v. *Mhoon,* Bus. Eq. 30; *Thigpen*
v. *Pitt,* 1 Jon. Eq. 49, *Monroe* v. *McIntire,* 6 Ire. Eq. 65, cited and
approved.)

INJUNCTION, before *Buxton, J.,* upon a motion to vacate
the order, at STANLY, Spring Term, 1869.

The facts are stated in the Opinion.

His Honor declined to vacate the order, and the defendants.
appealed.

*Ashe, Montgomery* and *Battle & Sons,* for the appellants.

*Blackmer & McCorkle, Phillips & Merrimon* and *W. A.
Moore, contra.*

RODMAN, J. The Code of Civil Procedure, Sec. 70, requires
that every action shall be commenced by issuing a summons:
Sec. 188, abolishes the writ of injunction as a provisional
remedy, and substitutes an injunction by order. Sec. 190 says

that the injunction may be granted at the time of commencing the action or at any time afterwards before judgment; and the cases in which it may be granted are defined in Sec. 189. This action was not commenced by summons, but by a complaint in the nature of a bill in equity for injunction and relief; and the summons issued after the granting of the injunction. The defendants however appeared and answered, and moved to vacate the injunction, taking no exception on account of the irregularity and thereby waiving it. We are therefore not precluded in this case, as we were in *Patrick* v. *Joyner*, *ante* 573, from considering the case on its merits.

The plaintiff alleges, in substance, that he is a creditor by bond of the defendant Pennington, that Pennington, conspiring with Stokes, fraudulently and with the intent to defeat the plaintiff's claim, made his bond to Stokes without any substantial consideration, and shortly afterwards permitted him to recover judgment, and to levy an execution upon all or nearly all of the property of Pennington, which he threatened to sell. The debt to the plaintiff is admitted, but the defendants deny all the allegations of fraud. Many affidavits were read. As the issues must be tried by a jury, and we do not wish in any way to prejudice the question of fact, we will only say of these, that they leave the matter in doubt. The Judge continued the injunction until the trial of the issues of fact, and the defendants appealed.

This Court has no jurisdiction under the Constitution to try " any issue of fact" (Art. IV, Sec. 10), and it is contended by the plaintiff that inasmuch as the order of the Judge below is based upon his decision upon facts which are in issue, a review of that order here, necessarily involves the trial of an issue of fact by this Court; and therefore cannot be made. We think the words of the Constitution have no such extensive meaning as is contended for. If they were held to have, it would follow that there could be no appeal from the order of a Judge, granting or continuing an injunction, and also that this Court has no power to decide any question of fact, which may come incidentally before it. Seeing how mate-

rially such a construction would cripple the usefulness of the Court, and add to the expenses of litigation, and what grave inconvenience would follow from the adoption of such a principle; we would be reluctant to do so unless constrained by words plainly indicating the intention. In this case the words instead of plainly indicating such an intention, are naturally susceptible of a more limited signification. The words are not, questions of fact, but, "issues of fact." These are technical words—they mean such matters of fact as are put in issue by the pleadings, and a decision of which would be final, and conclude the parties upon the matters in controversy in the issue.

Under the former jurisdiction of the Supreme Court as a Court of Equity, it heard appeals from both interlocutory and final decrees both on the law and the facts, and moreover, suits in equity were sent to it for original hearing. The practice was acknowledged by all to be subject to many disadvantages. A Court trying facts upon written depositions, is destitute of the benefit which a jury derives from seeing the personal bearing of the witnesses, and which is so great an aid to a just estimation of their credibility; and hence, when it became necessary to disentangle the truth from a mass of conflicting testimony, some of which must necessarily be false or mistaken, the result was often unsatisfactory. The mode in which it was attempted to remedy this disadvantage, by sending down issues to be tried by a jury, was dilatory and expensive. This was the mischief which the Constitution intended to remedy, and has remedied, by requiring the "issues of fact" to be ascertained, before a case can come before this Court for final adjudication. In the present case, even if the Court should undertake to weigh the testimony on each side, and to find the facts in issue, the finding would not be final, it would only conclude the parties as to the present motion; the issue must still be tried by a jury, and upon their finding, the case will be brought to final judgment unprejudiced by any *prima facie* and interlocutory decision. It is in the limited

signification above stated, that we understand the language of the Constitution.

It is contended by the defendants that the order in this case is in the nature of a common injunction; as to which the rule is well settled, that if the equity set up in the bill be denied in the answer, it will be dissolved. *Capehart* v. *Mhoon*, Bus. Eq. 30. We do not think that this is a common injunction, which is an auxiliary decree made to restrain *parties* from litigation at law, where equitable elements are involved in the dispute, Adams Eq. 194, 359. The plaintiff in this case is no party to the action at Law between the defendants; he set up no equitable element involved in their dispute; his case is based on the idea that he has a claim against one of the defendants, which is likely to be materially impaired by the fraudulent dealing of the two. *Thigpen* v. *Pitt*, 1 Jon. Eq. 49. The injunction is special in its nature. In such a case the practice is to continue it, if in the opinion of the Court it appears reasonably necessary to protect the rights of the plaintiff until the trial. *Monroe* v. *McIntire*, 6 Ire Eq. 65, Sec. 189, C. C. P. In this case we are of the opinion that it is, and we the more readily come to the conclusion, because it does not appear that the defendants can be materially injured by a delay.

The order continuing the injunction until the trial of the action, is affirmed, with costs in this Court to the plaintiff.

Let this opinion be certified.

PER CURIAM.                                    Order affirmed.

NOTE.—Two other cases, *James M. Reid*, and *R. J. Holmes* being plaintiffs, and the same persons as above defendants, were decided in the same way at this term.