HENRY JARMAN *v.* ELI W. SAUNDERS.

A Court cannot order *satisfaction* of a judgment to be entered *because of* some matter accruing *before* such judgment was rendered.

It is improper to make a Sheriff party to an order of injunction against process in his hands.

Where plaintiff stated that the defendant had formerly sued him, and that after such action was brought, an accord and satisfaction had taken place between them, and that, upon that account, and relying upon the implied promise of the defendant not to prosecute such suit, he had neglected to plead therein ; that the defendant had thereupon taken judgment against him, and was pressing execution, &c.: *Held,* that the plaintiff was entitled to relief, by an order, That upon his filing at its next term, in the Court where this suit had pended, a bond, with approved security, sufficient to cover the debt, &c., the defendant should withdraw his execution, the judgment be vacated, and the plaintiff be allowed to plead ; all costs of the present application to follow the result of such new trial.

(The application, although by summons and complaint, treated as a motion in the original cause.)

(That the defendant denied the existence of such accord and satisfaction, immaterial.)

(Observations upon *Common* and *Special* injunctions, in connexion with the C. C. P.)

MOTION, to vacate an injunction, heard by *Thomas, J.*, at Fall Term 1869, of ONSLOW Court.

The facts are stated in the opinion.

His Honor ordered the injunction to be vacated, and the plaintiff appealed.

*Manly & Haughton*, for the appellant.
*Strong, contra.*

RODMAN, J. The complaint states, that the defendant, in some Court, and at some time, (neither are stated, but, as no point was raised on the omission, we suppose we may assume, in the Superior Court of Onslow, at some past time, not very remote,) brought an action against the present plaintiff, upon an endorsement which he had made on the note of one Hill; that the plaintiff had a good defence to said action, in the nature of an accord and satisfaction after action brought, which he would have made in due form, but that, relying on the implied promise of the defendant not to prosecute his said action, he (the present plaintiff) omitted to appear or plead, and the defendant, unjustly, and in violation of his agreement, took judgment by default against him, for some $1,100 00, and has caused an execution to be levied on his property: and the plaintiff demands judgment, 1. That the defendant be ordered to enter an acknowledgment of satisfaction of his said judgment: 2. That the defendant pay the plaintiff certain damages; 3. That the defendant and the sheriff of Onslow be enjoined from prosecuting the said execution.

The reasons why no one of these judgments can be rendered, are so obvious as to require only the briefest state-

ment. As to the first: the Court may order satisfaction of a judgment to be entered of record upon proof of satisfaction thereof after judgment; but not by reason of anything occurring before judgment, and which might have been pleaded in bar of the judgment. As to the second: no case is presented for damages. As to the third: it has been so frequently held that an injunction should not be prayed against the sheriff who is only the agent of the plaintiff, that if the sheriff had appeared, we should have been bound to have allowed him his costs.

Notwithstanding this mistaken claim, we think we are required to consider, whether, upon the plaintiff's complaint, he is entitled to any relief; and we think he is. He alleges that he has been deprived, through the fraud of the defendant, of an opportunity to make his defence to the original action; and the relief which he may rightfully claim is, to have the judgment by default set aside, and to be allowed to plead to the merits in the original action, and to have the execution enjoined in the meantime. It would be extremely inconvenient to have a trial in this action, of the matters which might have been put in controversy in the first. Assuming, as for the present purpose we must, the truth of the complaint, we think there is stated an equity sufficient to entitle the plaintiff to the relief above stated. How is this equity of the plaintiff affected by the answer, which positively denies the agreement upon which it is founded? The distinction between what used to be called a common injunction, and a special injunction, is stated in *Heilig* v. *Stokes,* 63 N. C. 612, on the authority of the cases there referred to.

The former is said to be when a defendant sets up an equitable defence to the action at law, which by the constitution of the law-court, he could not then avoid himself of. If an injunction was granted on a bill setting up such an equity, upon the coming in of an answer, denying the facts constituting the equity, the injunction was dissolved of course.

24

unless some special reason was alleged for a continuance of it. A special injunction was founded, not on an equity, existing in the controversy at law between the parties, but on something collateral to it ; as, for example, the necessity of protecting property in dispute, pending the litigation. The injunction to which the plaintiff in this case is entitled, is evidently of the latter sort, and will not be dissolved merely on the defendant's denial, if in the opinion of the Court, it appears reasonably necessary to protect the plaintiff's right until the controversy between him and the defendant can be determined. Here it seems to us that there are matters in controversy between the parties, and that the present plaintiff is entitled to make his defence to the original action, and consequently to have the present execution restrained.

It may be said that under the definition of a common injunction above given, it is difficult to conceive how, now when legal and equitable demands are tried in the same Court, and in the same forms of action, and when every equitable defence can be made in the original action, a case for common injunction can ever arise.

There is another observation which it may be well enough to make. Under the former system it was settled doctrine that a Court of law could not set aside its regular judgment at a subsequent term. If the enforcement of the judgment became inequitable for any reason of which a court of equity could take notice, it would be enjoined. Now that the same court exercises the jurisdiction both of a Court of law and of a Court of equity, and that without any difference of form founded on the difference between law and equity, it would seem to follow that the rule alluded to, no longer exists to the extent of prohibiting a Superior Court from setting aside its judgment at a subsequent term, for any sufficient cause which could have been, and, by accident or fraud, was not, pleaded in bar of the judgment, and that the proper way to apply for such relief is, by a motion supported

by affidavits, in the original cause. Such we consider this to be. A motion may be put in the form of a petition; indeed, such is its more proper form : 3 Dan. Ch. Pr. 1787—1801. In fact, as is there stated, the difference is in form only, and not a substance or effect, the petition being in writing, and the motion not: 3 Dan. Ch. Pr. 1781. Of course we have no opinion on the merits of the original controversy between these parties. The order below is reversed, and the following order made, which will be certified :

If, before the next term of the Superior Court for the County of Onslow, or within the first five days thereof, the plaintiff in the present action shall enter into an undertaking payable to the defendant in the present action, in the penal sum of two thousand five hundred dollars, with sureties who shall be approved as sufficient by the Clerk of said Superior Court, or by the Judge thereof, with a condition to be void in case the present plaintiff shall pay to the present defendant whatever sums of money the said present defendant shall recover of the said present plaintiff in the action now or lately pending in said Superior Court for Onslow, wherein the present plaintiff is defendant, which action is the one referred to in the complaint in this case; and shall abide by, and perform the judgment in said action ; then the judgment by default, therein heretofore entered, shall be set aside, and the defendant in said action (the plaintiff in this case) shall be allowed to plead therein, and the action shall be tried and determined according to the course of the said Superior Court: and the defendant is ordered to withdraw the execution heretofore issued in said action, and to refrain from further proceeding therein, and from taking out other execution, until the same shall be allowed by the said Superior Court. The costs of this action, as between the parties thereto, shall abide the final judgment in said Superior Court of Onslow, and shall be adjudged in that action. The defendant in the present action will pay the costs of this court,

subject to be recovered by him, or the final judgment in the action in the Superior Court of Onslow, as aforesaid.

PER CURIAM.                                    Reversed.