### W. F. ATKINSON and another *v.* S. P. COX.

Where a complaint demanded judgment that a previous judgment obtained by the defendant against the plaintiff should be set aside, on the ground that it had been entered upon an understanding that certain deductions should be allowed, which, subsequently, the plaintiff therein had refused to allow; and the answer took issue upon these allegations: *Held*, that, until the issue made between the parties had been decided, the case was in no situation to warrant the Judge in setting aside the previous judgment.

(*Heilig* v. *Stokes*, 63 N. C. 612, approved.)

CIVIL ACTION, tried before *Thomas, J.*, at Spring Term 1870 of WAYNE Court.

The defendant, at Fall term 1869 of Wayne Court, had obtained judgment for some seventeen hundred dollars against the plaintiffs. The present action was instituted for the purpose of setting such judgment aside, and, in the meantime, to have a restraining order. The latter order was made in February 1870, upon a statement in the complaint that the judgment, in question, had been entered with an understanding that certain deductions, which were set forth, should be allowed, and that the defendant since had refused to comply, &c.

The answer, filed at Spring term 1870, took issue upon the allegations of the complaint. Motions were thereupon made: 1, by the plaintiff, to set aside the judgment, and 2, by the defendant, to vacate the order of restraint.

His Honor declined to allow the second motion, and ordered that the judgment be set aside, &c.

The defendant appealed.

*Dortch* and *Faircloth*, for the appellant.
*Strong, contra.*

PEARSON, C. J. We are, at a loss to see the ground on which his Honor felt himself authorized, on complaint and

answer to enter final judgment, that the former judgment of the defendant as plaintiff, against the plaintiffs, as defendants, should be set aside, and the defendants be allowed to demur or answer. It is true, a judgment entered by fraud or surprise on the defendant, may be set aside, and the defendant be allowed to plead *de novo;* but this relief is sparingly exercised, and never until the parties are fully heard, and the fact of fraud or surprise clearly proved: *interest reipublicæ ut sit finis litium.*

In this case there was nothing to act on but the complaint and answer. The plaintiffs do not allege fraud or surprise, and the judgment was entered in open Court, in the presence of both parties, or their attorneys; but the plaintiffs allege that the judgment was entered with the understanding, that the parties would afterward come to a settlement, and any deduction that ought to have been allowed, or any set-off or counter-claim to which the defendants were entitled, should be credited on the judgment. The defendant denies that there was any such understanding, and avers that the judgment was made upon consideration, and after the necessary calculations were made by the parties. So, here is an issue of fact. No evidence except complaint and answer was filed, and the issue is not disposed of either by the finding of the Judge, or the verdict of a jury.

The judgment, which sets aside a former judgment, precludes any further inquiry in respect to the motion to dissolve the injunction. That ought to have been heard upon the complaint and answer (treated as affidavits,) and any additional affidavits that the parties might file, and the *questions* of fact on motion, as distinguished from *issues* of fact on the final hearing, might have been passed on, in order to dispose of the motion: *Heilig* v. *Stokes,* 63 N. C. 612.

PER CURIAM.                    Judgment reversed.