JOHN TULL v. WM. J. POPE.

Entries in a book showing a state of facts not materially different from those appearing on a trial, will not entitle to one of the parties to have the judgment set aside and a new trial, although the existence of such entries was unknown at the trial and was subsequently discovered.

(*James* v. *Saunders*, 64 N. C. Rep. 367; *Bledsoe* v. *Nixon*, at this term, cited and approved.)

CIVIL ACTION, tried before *Clarke, J.,* at Fall Term, 1873, of the Superior Court of LENOIR county.

In his complaint the plaintiff alleged that John C. Washington, of Lenoir county, on the 31st of January, 1861, executed to him a note for $512.80 with interest, which note, he, the plaintiff, indorsed to one Stephen White, now deceased, with the understanding and agreement on the part of both White and Washington that the plaintiff was not to be called on for the payment of the same, the indorsement being merely for the purpose of vesting title in the

note to White, and that White was to look alone to Washington for its payment; that the note was passed to White in payment of plaintiff's store account, he, White, stating that it was the same as cash to him, as he himself owed Washington, and receiving the note with this understanding, gave the plaintiff credit for the amount of the note on his books; that this credit was given 6th March, 1864, as appears from White's books, and the note and interest, to-wit: $638.94, charged to Washington's account; that the entries on the books of White, was made by one Coleman, who after the death of White, was employed by his administrator to post his intestate's books.

. Plaintiff further alleged that Stephen White was dead, and that Wm. White administered on his estate; that in 1871, the administrator dying, one Harper was appointed administrator *de bonis non* of Stephen White's estate, and that he, acting under an order of the Probate Court, sold the said note at auction, when the defendant purchased it for less than $100.

That the defendant sued on the note, and at Spring Term, 1872, obtained judgment on the same, and intends issuing execution thereon; that on the trial, the plaintiff, in that action the defendant, was precluded from proving the facts, understanding and agreement between himself, White and Washington, in consequence of the death of White; that since the trial, he, the plaintiff, has had an examination of the books of White, and finds the entries before stated, and is now prepared to prove the agreement with White, and that he ought not to be held responsible for the payment of said note on account of his indorsement.

Plaintiff demanded judgment that defendant be restrained from collecting the judgment, &c.

A temporary order being issued by Judge CLARKE, restraining the defendant from proceeding to collect the judgment he had obtained against the plaintiff at Spring Term,

1872, the defendant appeared and answered, and stated that on the trial of his action against the plaintiff it was in evidence that when the note sued on was the property of Stephen White, the maker, Washington, held large claims against White, and the question being, had there ever been any settlement between White and Washington of their respective claims, White also having other unadjusted claims against Washington, he, Washington, swore that there had been an executory agreement that their several claims should be settled and allowed, but that he could not say there had ever been any actual settlement; that if there had been such settlement the books of White would show it ; that the entries on White's books were made by Coleman since the death of White ; that at the time of the trial the books were in town, and also the administrator, the latter being in the Court-house, and could have easily been made evidence.

It appears from the case agreed, in addition to the facts stated in the complaint and answer, that on the first trial the plaintiff here was ignorant of the existence of the books of White containing the entries before set out, and that those entries were taken by Coleman from a memorandum book kept by White himself, which book had been accidentally found after the death of White.

Upon the foregoing facts his Honor ordered the judgment obtained at Spring Term, 1872, by defendant against the plaintiff to be set aside and a new trial granted. From this judgment defendant appealed.

*Smith & Strong* and *Batchelor, Edwards & Batchelor*, for appellants :

1. The plaintiff has misconceived his remedy, if remedy he has. When the distinction between actions at law and suits in equity prevailed, it may be conceded that the plain-

tiff's remedy was by bill, and in the meantime to enjoin the collection of the judgment. But now the remedy is by motion in the cause in the form of a petition supported by affidavits. *Mason* v. *Miles*, 63 N. C. Rep.; *Jarman* v. *Saunders*, 64 N. C. Rep. 367; *Gee* v. *Hines*, Phill. Eq. 315; *Rogers* v. *Holt*, Ibid. 108.

But if we are mistaken :

2. The assignment of the bond by Tull to White was in blank. Tull now proposes to prove that at the time of his assignment in blank to White, it was agreed that he was not to be liable for the debt, as the purpose of the assignment was only to pay Tull's debt to White, and give White a cause of action or right of set off against Washington. Is parol evidence admissible to show this? We think not. See Smith on Con., 28. *Reynolds* v. *Magniss*, 2 Ired. 30 Admitting it to be competent as between Tull and White, still it cannot be as between the assignee for value and without notice, being a negotiable instrument.

3. But again, it is said the debt was extinguished before the bond became by purchase into the hands of Pope; and that Tull can show this by White's books. White's books show simply that Tull's store account with him was paid by the transfer of this bond. But White's books not only do not show that Washington has paid this bond, but they show that Washington was debited with this bond in his account, and the bond is found in White's possession by his administrator after his death, which is almost conclusive evidence that Washington never *satisfied* this bond debt to White.

4. A Court of Equity will not set aside a judgment at law except for fraud, circumvention or perjury practiced upon the trial. *Wilson* v. *Leigh*, 4 Ired. Eq. 100. Nor ought this power of a Court of Equity to set aside a judgment at law be exercised in any case when the party applying has been guilty of any *laches*. *Dyche* v. *Patton*, 8 Ired. Eq. 296, and in *Houston* v. *Smith*, 6 Ired. Eq. 268, it is said " only for *new*

*matter,* not known at the trial at law, has equity ever interfered to grant a new trial, and then not for matter to repel. the charge by opposing proof, but such as destroys the proof."

See also *Powell* v. *Watson,* 6 Ired. Eq., and particularly *Burgess* v. *Lovingood,* 2 Jones Eq. 460, where all the cases in our Courts are collected and commented on.

And further:

A party cannot ask equity for a new trial at law merely because he failed to make good a legal defense at law. *Gatlin* v. *Kirkpatrick,* 1 Car. Law Rep. 534; *Fentress* v. *Rollins,* Term Rep. 177; *Peace* v. *Nailing,* 1 Dev. Eq. 289; *Bizzell* v. *Bozeman,* 2 Dev. Eq. 154; *Champion* v. *Miller,* 2 Jones Eq. 194; *Martin* v. *Harding,* 3 Ired. Eq. 603.

Nor because he can adduce cumulative evidence as to the facts on which his defense rested at law. *Pemberton* v. *Kirk,* 4 Ired. Eq. 178; *Alley* v. *Ledbetter,* 1 Dev. Eq. 449; and where defendant while plaintiff, concealed facts at law. *Fish* v. *Lane,* 2 Hay. 342.

One who does not prove on trial at law payment which he alleges he has made, can have no relief in equity unless he can show fraud and circumvention practiced to prevent his making proof. *Deaver* v. *Erwin,* 7 Ired. Eq. 250.

Cases where it was alleged witness for opponent had perjured himself: *Peagram* v. *King,* 2 Hawkes 295; *Ibid* 605; *Dyche* v. *Patton,* 8 Ired. Eq. 286; 3 Ired. Eq. 332.

Cases of newly-discovered evidence where the relief was refused: *Wilson* v. *Leigh,* 4 Ired. Eq. 100; *Powell* v. *Watson,* 6 Ired. Eq. 94.

Character of new evidence must be decisive. *Houston* v. *Smith,* 6 Ired. 264; *Burgess* v. *Lovingood,* 2 Jones Eq. 457.


*Battle & Son,* contra:


This is a civil action brought by plaintiff to obtain a new trial in a case in which he was defendant in the Superior

Court. It is a proceeding in the nature of a bill in equity, and as such the case of *Peagram* v. *King*, 2 Hawkes 295 and 605, is directly in point, and in our favor.

The circumstances under which the newly-discovered testimony was found show that the plaintiff in this suit was not guilty of any negligence in not having produced it on the former trial, and the evidence is of such a character that it not only repels the adversary's charge, but it destroys his proofs.

The principles laid down in *Peagram* v. *King* are fully recognized in *Houston* v. *Smith*, 6 Ired. Eq. 264.

PEARSON, C. J. The newly-discovered evidence on which this proceeding is based, to-wit: the entries in the books of White amount only to this: Tull is credited with the principal of Washington's note, $512, on what Tull owed White, and Washington is charged in account with the principal and interest of his note, $638.

This adds little if any force to the evidence which Tull offered on the trial of the issue, to-wit: Did White and Washington have a settlement in which the note of Washington was allowed as a set off in satisfaction *pro tanto* of White's indebtedness to Washington? This issue was found against Tull, and the weight of the evidence, throwing into the scale the entries alone referred to, is decidedly against Tull. White and Washington did not have the settlement set out in the issue. So the case does not fall within the principle of *Bledsoe* v. *Nixon*, at this term, nor of *James* v. *Saunders*. 64 N. C. Rep. 367.

Had Tull been well advised he might have "bought his peace" at the sale of the note, probably for a trifling amount, but he took his own course, and must abide by it. If Pope collects the money there may be a question of usury by White's entries, but it is not now presented.

The point in regard to adding to the indorsement by

proof of a verbal agreement that it was to be without re-course on Tull was properly abandoned in this Court. The action will be dismissed with cost.

Let this opinion be certified.

PER CURIAM.                              Action dismissed.