Lowe and wife *et al. v.* THE BOARD OF COMM'RS OF DAVIDSON Co.

dictment charges *two distinct offences* of different grades and of such a a nature that if the defendant be guilty of one, he cannot be guilty of the other, no judgment can be rendered on a general verdict. These difficulties are all put out the way by amendment."

The remarks in this case refer to the common law, and no reference is made to the statute by which the offences are put on the same grade.

This will seem to reconcile the two cases, or rather to show that the discrepancy happened because in the first case the re-mark was made as if the matter was at common law without adverting to the statute by which the distinction is removed.

No error. This will be certified.

PER CURIAM.                    Judgment affirmed.

---

C. F. LOWE and wife and others *v.* THE BOARD OF COMMIS-SIONERS OF DAVIDSON COUNTY.

When the dissolution of an injunction would be equivalent to a dis-missal of the action, if a reasonable doubt exists in the mind of the Court, whether the equity of the complaint be sufficiently negatived by the answer, the Court will not dissolve the injunction but continue it to the hearing.

*(James v. Lemley,* 2 Ired. Eq. 278; *Miller v. Washburne,* 3 Ired. Eq. cited and approved.)

CIVIL ACTION, motion to dissolve an injunction, heard by his Honor, *Cloud, J.,* at the Spring Term, 1873, of DAVIDSON Superior Court.

Upon the application of the plaintiffs to his Honor, *Judge Cloud,* at Chambers, an injunction issued to defendants on the 22d of April, 1873, restraining them from selling certain lots

belonging to the county, situate in the town of Lexington, and which the Board had ordered to be sold for certain purposes.

The defendants, after due notice, moved, on the 5th of May following, to vacate the order of injunction, which motion his Honor refused, and continued the restraining order to the hearing. From this decision of his Honor, defendants appealed.

*McCorkle*, for appellants.
*Bailey*, contra.

BYNUM, J. The injunctive relief, sought in this action, is not auxiliary to another and main relief, but is the main relief itself, and the object of the action, therefore, the dissolution of the injunction would be equivalent to a dismissal of the action. In such cases where a reasonable doubt exists in the mind of the Court, whether the equity of the complaint is sufficiently negatived by the answer, the Court will not dissolve the injunction, but continue to the hearing. Much must depend upon the sound discretion of the Court to whom the question of dissolution is preferred. *James* v. *Lemley*, 2 Ired. Eq. 278 ; *Miller* v. *Washburne*, 3 Ired. Eq. 161. In this case the answer does not remove such reasonable doubt, created by the complaint and affidavit, without which removal, according to the principles of this Court, the injunction ought not to be dissolved before the hearing. The novel and important questions raised by the pleadings and ably discussed before us, do not come up for decision now.

PER CURIAM.                                    Judgment affirmed.