JOSEPH MARSHALL and others *v.* COMMISSIONERS OF STANLY COUNTY.

*Injunction.*

1. An injunction will be granted until the hearing, where the plaintiff alleges irreparable injury and makes out an apparent case.

2. When the injunctive relief sought is not merely auxiliary to the principal
relief demanded in the action, but may be the relief itself, the court will
not dissolve the injunction upon a preliminary hearing.

(*Troy* v. *Norment,* 2 Jones' Eq., 318; *Lowe* v. *Commissioners,* 70 N. C., 532,
cited and approved).

Motion for an injunction heard at Fall Term, 1883, of
Stanly Superior Court, before *Gilmer, J.*

In the year 1842, the town of Albemarle, the county-seat of
Stanly county, was laid off into lots by the proper authorities
according to law, and in the plat of the town there is a public
square on which the court-house was erected. Other lots were
sold to individuals and the money realized paid into the county
treasury. At the sale, the plaintiffs allege that it was announced
that the public square was to be and ever remain a public square,
and by reason of such announcement and understanding, pur-
chasers were induced to pay more for the lots adjacent to the
square, which serves as an outlet from the buildings erected on
said lots. The plaintiffs own improved lots fronting on the
square. In September, 1883, the defendant commissioners made
an order to sell a part of the public square, immediately front-
ing said improved lots, which order the plaintiffs insist is without
authority of law, and they aver that the sale thereof would cause
them irreparable injury, and that there exists no public necessity
for such sale which has been advertised in pursuance of said
alleged unlawful order. The plaintiffs have commenced an
action against the defendants, in consequence of such order, and
ask for an injunction restraining them from executing the same.

Notice was thereupon served upon the defendants to show
cause why they should not be enjoined from selling any part of
the public square.

The defendants appeared in accordance with the notice, and
filed answer and affidavits, in which they deny that there was
any announcement and understanding on the part of their pre-
decessors who had charge of the county affairs at the time the
town was laid off, that the public square would neverbe sold,

and that the sale thereof will not injure the plaintiffs as alleged; and they allege that there is a public necessity for the sale of a part of said square—it is not needed for the public—the property will bring a large price—the county needs the funds—the sale of the lots will greatly add to the prosperity of the town and county—and the county is able to respond to such damages as may be sustained by the plaintiffs by reason of the sale.

The court, after consideration of the matters set forth in the pleadings and affidavits of the respective parties, and after argument of counsel, adjudged that the defendants be restrained from selling the lots until the final hearing of the action, and from this ruling the defendants appealed.

*Messrs. J. A. Lockhart* and *S. J. Pemberton*, for plaintiffs.
*Mr. J. W. Mauney*, for defendants.

MERRIMON, J.   The plaintiffs allege that the prospective injury to them, growing out of the alleged action taken and about to be taken by the defendants in the proposed sale of lots of land comprising a part of the public grounds on which the court-house of Stanly county was lately situated, if allowed to be consummated, will be irreparable in its character; and they support the allegations of the complaint by sundry affidavits, tending to show that the same, and their apprehensions, are well founded.

The defendants in their answer admit the truth of some of the material allegations in the complaint, and admit others to be in a measure true, and deny that the alleged prospective injury would be irreparable, and insist, that the defendants have the lawful authority to sell the lots of land, as it is admitted they intend to do, without regard to the alleged rights of the plaintiffs; and they support their answer by numerous affidavits tending to prove the averments in the same.

This court is of opinion that in such a case the injunction ought to be continued to the hearing of the action upon its merits.

MARSHALL *v.* COMMISSIONERS.

There is an important class of cases, in which relief, such as that demanded by the plaintiffs, will always be granted; and it may be, this case will turn out to be one of that class. The plaintiffs certainly make an apparent case, and they may be able to prove that they will sustain the injury they apprehend, and that it will be irreparable, unless the defendants shall be restrained; and they may be able to show that the defendants have no lawful authority to sell the lots of land as they propose to do, and thus inflict injury upon the plaintiffs.

If the defendants shall be permitted to go on, pending the action, and sell the lots of land, and it shall turn out in the end that there is injury to the plaintiffs, and that irreparable, the court could not grant adequate relief. When the court can see that the injury apprehended and complained of may arise, it will not, by its own act, cut itself off from the opportunity to grant relief; on the contrary, it will take all proper measures to uphold its power to grant or deny relief in the orderly course of procedure.

In a case where the plaintiff alleges irreparable injury and this is made apparent by the complaint and affidavits to support the same, the court will not dissolve the injunction upon the answer of the defendant admitting some of the material allegations of the complaint, however the same may be supported by affidavits; but the injunction will be continued to the hearing of the action upon the merits; and this is so, especially, when the main relief sought is injunctive in its character.

The injunctive relief sought in this action is not merely auxiliary to the principal relief demanded, but it is the relief, and a perpetual injunction is demanded. To dissolve the injunction, therefore, would be practically to deny the relief sought and terminate the action. This the court will never do, where it may be that possibly the plaintiff is entitled to the relief demanded. In such cases, it will not determine the matter upon a preliminary hearing upon the pleadings and *ex-parte* affidavits; but it will preserve the matter intact until the action can be regularly heard

upon its merits. Any other course would defeat the end to be attained by the action. *Troy* v. *Norment,* 2 Jones' Eq., 318; *Lowe* v. *The Commissioners of Davidson Co.,* 70 N. C., 532.

The court properly granted an injunction restraining the defendants from selling the lots of land mentioned in the pleadings, until the final hearing and determination of the action.

There is no error, and the judgment must be affirmed. Let this be certified.

No error.                                                          Affirmed.