H. F. JONES v. J. C. BUXTON et al., Trustees.

*Practice—Restraining Order—Injunction—Irreparable Injury.*

Where, in an action brought in good faith to quiet plaintiff's title to land and to determine the adverse claims of the defendants, an interlocutory order was issued restraining the defendants from selling the land under a deed of trust, and material issues were raised by the pleadings used as affidavits, and no facts were found by the Judge on the hearing of the rule to show cause, &c., it was error not to continue the injunction to the trial of the action.

CIVIL ACTION, begun by summons in FORSYTH Superior Court, and upon the complaint the plaintiff obtained a restraining order which was heard before *Starbuck, J.,* at Chambers, September 30th, 1897. Upon the complaint, answer, replication and affidavits, his Honor dissolved the restraining order and plaintiff appealed.

*Messrs. Jones & Patterson* and *A. E. Holton,* for plaintiff (appellant).
*Messrs. Watson, Buxton & Watson,* for defendants.

DOUGLAS, J.: This is an appeal from the order of the Court below dissolving the restraining order. The order is as follows: "It is ordered by the Court, without finding facts, but as a matter of law, that the restraining order be

dissolved at the cost of the plaintiff, to be taxed by the Clerk." The action was brought by the holder of a tax deed, who had also bought at a sale under a deed of trust in which he was the *cestui que trust.* He appears to be in possession, and brings this action to "quiet his title to the land, and determine the adverse claims of the defendants." "Wherefore he asks that defendant be restrained from selling under the deed of trust and for such other relief as the plaintiff is entitled to in the premises." It is thus seen that a perpetual injunction is the principal relief sought, and in fact the only relief specifically asked.

A sale of real property nearly always threatens irreparable damage, and especially a forced sale for cash at public auction. Material issues are raised in the pleading, and as no facts have been found either by the Court or a jury, we are of opinion that the injunction should be continued to the final hearing. *Capehart* v. *Biggs,* 77 N. C., 261; *Purnell* v. *Vaughan,* Ibid., 268; *Lowe* v. *Commissioners,* 70 N. C., 532; *Bridgers* v. *Morris,* 90 N. C., 32; *Heilig* v. *Stokes,* 63 N. C., 612; *Jarman* v. *Saunders,* 64 N. C., 367; *Hanes* v. *Mauney,* 67 N. C., 218; *Dockery* v. *French,* 69 N. C., 308; *Harrison* v. *Bray,* 92 N. C., 488; *Durham* v. *Railroad,* 104 N. C., 261; Clark's Code, Section 333, page 393, *et seq.* The action appears to have been brought in good faith to determine substantial matters of difference, and yet "in despite of the action now pending, the defendants seek to cut the 'gordian knot' by a sale of the land under the power in the mortgage deed. This cannot be allowed." The injunction should be continued to the hearing, and the judgment of the Court below is reversed.

Reversed.