CHARLES ZEIGER v. Q. A. STEPHENSON and GOLD PLACER MINING COMPANY et al.

(Filed 7 December, 1910.)

**Injunction—Shares of Stock—Issuance—Insolvency of Shareholder —Pleadings.**

> When, in an action to compel a corporation and others to issue certain shares of stock to the plaintiff and to enjoin the transfer of the shares to another on the books of the corporation, the complaint sufficiently alleges plaintiff's ownership, the insolvency of one of the defendants to whom the certificates were issued, and other facts tending to show that the transfer of the stock would be to plaintiff's irreparable loss, a restraining order should be granted to the hearing.

APPEAL from an order dissolving a restraining order, of *Webb, J.,* made at chambers 25 July, 1910. Action from BURKE.

The facts are sufficiently stated in the opinion of *Mr. Justice Walker.*

*John T. Perkins* for plaintiff.
No counsel for defendant.

WALKER, J. This is an action to compel the Gold Placer Mining Company and the other defendants to issue to the plaintiff certain shares of the capital stock of the mining company, valued at $7,500, and for an injunction against the transfer thereof. It is alleged that the stock was issued to one of the defendants, who is insolvent, and that if it is transferred by him the plaintiff's loss will be irreparable. In 1 Spelling on Injunctions and Ext. Remedies (2 Ed.), sec. 540, we find the general rule thus stated: "Since certificates of stock in a private corporation, though not strictly speaking commercial paper, are usually transferable by assignment and delivery, and since a *bona fide* transferee is not bound by any mere equities which exist between the transferee and the corporation, or between the holder and an equitable owner, an injunction often becomes proper, upon one or more of the equitable grounds before stated in connection with negotiable paper, to restrain the transfer of

ZEIGER *v.* STEPHENSON.

such certificates. The power of courts of equity to interfere in such cases is well established." The plaintiff, therefore, is entitled to an injunction to restrain a transfer of the stock in violation of his rights as, at least, the equitable owner, provided the state of the pleadings is such as to bring his case within the principle and procedures applicable to injunctions of this kind. We need not set forth even the substance of the pleadings. It is enough to state that the complaint alleges facts sufficient to entitle the plaintiff to the relief he demands, and while many of the material allegations are denied in the answer, there are statements to be found therein which tend to show that the plaintiff may have some right or interest in the stock which should be protected *pendente lite.* The denials and averments of the answer are not sufficient to destroy the plaintiff's case, but from the pleadings it appears that there is a serious controversy between the parties as to the plaintiff's ownership of the stock he claims, and it further appears probable that he may recover. It is, therefore, reasonably necessary to protect his rights until the final hearing by injunction. "In the case of special injunctions the rule is not to dissolve upon the coming in of the answer, even though it may deny the equity, but to continue the injunction to the hearing if there is probable cause for supposing that the plaintiff will be able to maintain his primary equity and there is a reasonable apprehension of irreparable loss unless it remains in force, or if in the opinion of the Court it appears reasonably necessary to protect the plaintiff's right until the controversy between him and the defendant can be determined. It is generally proper, when the parties are at issue concerning the legal or equitable right, to grant an interlocutory injunction to preserve the right *in statu quo* until the determination of the controversy, and especially is this the rule when the principal relief sought is in itself an injunction, because a dissolution of a pending interlocutory injunction, or the refusal of one, upon application therefor in the first instance, will virtually decide the case upon the merits and deprive the plaintiff of all remedy or relief, even though he should be afterwards able to show ever so good a case. The principles we have attempted to state are, we

think, well supported by the authorities upon this subject. 1 High on Injunctions (3 Ed.), sec. 6; *Jarman v. Saunders,* 64 N. C., 367; *Heilig v. Stokes,* 63 N. C., 612; *Tobacco Co. v. Mc-Elwee,* 94 N. C., 425; *Purnell v. Daniel,* 43 N. C., 9; Bispham's Eq. (6 Ed.), sec. 405. The cases of *Marshall v. Comrs.,* 89 N. C., 104; *Lowe v. Comrs.,* 70 N. C., 532, and *Capehart v. Mhoon,* 45 N. C., 30, would seem to be directly in point. In the first of these cases the Court says: 'The injunctive relief sought in this action is not merely auxiliary to the principal relief demanded, but it is *the* relief, and perpetual injunction is demanded. To dissolve the injunction, therefore, would be practically to deny the relief sought and terminate the action. This the Court will never do where it may be that possibly the plaintiff is entitled to the relief demanded. In such cases it will not determine the matter upon a preliminary hearing upon the pleadings and *ex parte* affidavits; but it will preserve the matter intact until the action can be regularly heard upon its merits. Any other course would defeat the end to be attained by the action.' " *Cobb v. Clegg,* 137 N. C., 153. In *Troy v. Norment,* 55 N. C., 318, the rule is thus stated by *Nash, J.:* "In applications for special injunctions (and this is such a one), the bill is read as an affidavit to contradict the answer, and where they are in conflict, and the injury to the plaintiff will be irreparable if the relief be not granted, the injunction will not be dissolved on motion, but will be continued to the hearing to enable the parties to support by proof their respective allegations. Justice demands this course. When there is nothing before the Court but oath against oath, how can the Chancellor's conscience be satisfactorily enlightened?" To the same effect is *Purnell v. Daniel, supra.* This case resembles so much an application for a special injunction, though not strictly and technically of that kind, as to be governed by the foregoing principles. If the stock is transferred to an innocent purchaser, the plaintiff's loss may be irreparable, especially in view of defendant's insolvency.

Without passing upon the disputed facts, we conclude from what has been said, that in the present state of the pleadings there was error in the ruling of the Judge. An injunction to the hearing should have been granted. *Parker v. Grammer,* 62 N. C., 28; *Jones v. Buxton,* 121 N. C., 285. Error.