J. J. SANDERS v. ROCKY MOUNT INSURANCE AND REALTY COMPANY.

(Filed 22 February, 1922.)

**Injunction—Issues of Fact—Mortgages.**

> Where the purpose of the action is to enjoin the sale of lands under a deed in trust or mortgage, and upon the hearing before the judge, upon the injunctive remedy sought, the affidavits are conflicting upon the question at issue as to whether the mortgage debt had been paid, the injunction should be continued to the hearing to ascertain the facts involved.

APPEAL by defendant from *Allen, J.,* at chambers, 20 December, 1921, from NASH.

*W. M. Person for plaintiff.*
*Battle & Winslow for defendant.*

WALKER, J. This action was brought to restrain and enjoin the defendant insurance company from selling certain real estate under the deed of trust described in the pleadings. The plaintiff alleged that all or a large part of the indebtedness secured by the said deed of trust had been settled and paid, and that a very small amount, if anything, remains due thereon.

There was much controversy between the parties upon the essential facts, alleged and denied. The motion for the injunction was heard by the judge upon affidavits, and as it appeared from them, and the pleadings, that important issues are raised upon the vital question of indebtedness, as to whether there is any now due, and if any, how much, the court continued the preliminary injunction to the final hearing, and the defendant appealed.

The correctness of this ruling cannot be questioned, and is fully sustained by the case of *Cobb v. Clegg,* 137 N. C., 153, where we held that it is generally proper, when the parties are at issue concerning the legal or equitable right, to grant an interlocutory injunction to preserve the right *in statu quo* until the determination of the controversy, and especially is this the rule when the principal relief sought is in itself an injunction, because a dissolution of a pending interlocutory injunction, or the refusal of one, upon application therefor in the first instance, will virtually decide the case upon its merits and deprive the plaintiff of all remedy or relief, even though he should be afterwards able to show ever so good a case. The Court there added that the principle thus stated is well supported by the authorities, citing numerous cases decided by this Court, as follows: 1 High on Injunctions (3 ed.), sec. 6; *Jarman v. Saunders,* 64 N. C., 367; *Heilig v. Stokes,* 63 N. C., 612; *Mfg. Co. v. McElwee,* 94 N. C., 425; *Purnell v. Daniel,* 43 N. C., 9; Bispham's Eq. (6 ed.), sec. 405; *Marshall v. Comrs.,* 89 N. C., 103; *Lowe v. Comrs.,* 70 N. C., 532; *Capehart v. Mhoon,* 45 N. C., 30, and *Troy v. Norment,* 55 N. C., 318, where *Nash, J.,* said: "In applications for special injunctions (and this is such a one) the bill is read as an affidavit to contradict the answer; and where they are in conflict, and the injury to the plaintiff will be irreparable if the relief be not granted, the injunction will not be dissolved on motion, but will be continued to the hearing to enable the parties to support by proofs their respective allegations. Justice demands this course. When there is nothing before the Court but oath against oath, how can the Chancellor's conscience be satisfactorily enlightened?" In *Marshall v. Comrs.,* 89 N. C., 103, the Court says: "The injunctive relief sought in this action is not merely auxiliary to the principal relief demanded, but it is the relief, and a perpetual injunction is demanded. To dissolve the injunction, therefore, would be practically to deny the relief sought and terminate the action. This the Court will never do where it may be that possibly the plaintiff is entitled to the relief demanded. In such cases it will not determine the matter upon a preliminary hearing upon the pleadings and *ex parte* affidavits; but it will preserve the matter intact until the action can be regularly heard upon its merits. Any other course would

defeat the end to be attained by the action." In *Lowe v. Comrs., supra,* *Bynum, J.,* says that, in such cases, "much must depend upon the sound discretion of the court to whom the question of dissolving the injunction is referred." We believe that the judge in this case exercised this sound discretion correctly, if such was vested in him, and that he properly continued the injunction to the final hearing, so that the matters, now seriously controverted, may be settled in the manner provided by law.

The matter is so fully considered in *Cobb v. Clegg, supra,* and the cases therein cited, that further discussion is useless. The principle stated in *Cobb v. Clegg, supra,* has frequently been affirmed and the case cited with approval as late as 181 N. C., 179, in *Gray v. Warehouse Co.,* and was expressly applied in *Seip v. Wright,* 173 N. C., 14. In *Hyatt v. De Hart,* 140 N. C., 270, the *Chief Justice* thus broadly stated this rule as being applicable under our present procedure: "Ordinarily, the findings of fact by the judge below are conclusive on appeal. While this is not true as to injunction cases, in which we look into and review the evidence on appeal, still there is the presumption always that the judgment and proceedings below are correct, and the burden is upon the appellant to assign and show error; and looking into the affidavits in this case, we cannot say there was error below. The general rule is that when the injunctive relief sought is not merely ancillary to the principal relief demanded in the action, but is itself the main relief, the Court will not dissolve the injunction, but will continue it to the hearing." We are clearly of the opinion that there is sufficient controversy as to the facts to bring this case within this general rule, and there is, at least, some probability that the plaintiff will be able to sustain his allegations at the final hearing.

This being so, we must affirm the decision of the court below.

The motion of the plaintiff to dismiss the appeal is denied upon the facts stated by Judge Allen in the record.

Affirmed.