BOARD OF COMMISSIONERS FOR THE COUNTY OF WAKE, EDGAR D. PEEBLES, O. L. RAY, W. L. WIGGS, S. T. BENNETT AND L. Y. BALLENTINE, MEMBERS OF SAID BOARD OF COMMISSIONERS FOR THE COUNTY OF WAKE, v. THE STATE HIGHWAY COMMISSION OF NORTH CAROLINA, AND FRANK PAGE, STATE HIGHWAY COMMISSIONER.

(Filed 31 January, 1928.)

**1. Highways—State Highway Commission—Powers.**

The creating of the State Highway Commission and the giving it authority for the creation, maintenance, etc., of a State-wide system of public roads, and the amendatory act providing for the taking over, within certain limits, county highways, or parts thereof as links in the State-wide system, and for the coöperation of the State Highway Commission in such case with the road-governing body of a county for the mutual benefit of both the county and the State, are statutes to be construed together *in pari materia.*

**2. Same.**

The provision in the statute amending the State Highway Commission Act that the State Highway Commission in taking over a county road as a link of the State system of public highways coöperate with the road-governing body of the county for the best interests of both the State and the county does not impair the large discretionary powers given by statute to the State Highway Commission, acting in good faith, and when it is found as a fact in the lower court that they have so coöperated, the decision of the State Highway Commission in selecting a different route than the one fixed upon by the county authorities, cannot be disturbed by the courts.

**3. Appeal and Error—Review—Presumptions—Injunctions.**

While on appeal from proceedings in injunction the Supreme Court may review the evidence upon which the lower court has based its findings of fact, the burden is on the appellant to show error, with the presumption in favor of the judgment appealed from.

APPEAL by plaintiff from *Sinclair, J.,* at Chambers, 10 August, 1927, from WAKE. Affirmed.

*L. L. Massey, J. W. Bailey, Leon S. Brassfield and J. M. Broughton for plaintiff.*

*Attorney-General Brummitt and Assistant Attorney-General Ross for defendants.*

CLARKSON, J. This was an injunctive proceeding brought by plaintiff against the defendants, seeking a restraining order, or injunction, against defendants from taking over certain county roads in Wake County and making them a part of the State highway system for State maintenance. A temporary restraining order was issued against the

defendants. At the hearing it was dissolved and the permanent injunction refused, and the action dismissed. Plaintiff excepted, assigned error and appealed to the Supreme Court.

The decision of this action depends upon the construction of certain statutes of the General Assembly of North Carolina, in reference to the State highway system. Chapter 2, Public Laws of 1921, was the key act for the present State-wide system of hardsurfaced and dependable roads. It was construed in *Carlyle v. Highway Commission,* 193 N. C., at p. 48, as follows: "We are therefore of the opinion that the statute means that when an existing highway has been designated, mapped, selected, established and accepted by the State Highway Commission as the sole and independent connection between two county-seats in compliance with the formalities prescribed by the statute that this is a location of the road as a permanent link of the State system of highways." *Newton v. Highway Commission,* 192 N. C., 54; *S. c.,* 194 N. C., 159; *S. c., ibid.,* 303; *Smith v. Highway Commission, ibid.,* 333.

In addition to the roads mapped and made a part of the State highway system, the act, Laws 1921, ch. 2, sec. 10, subsec. (b), in part is as follows: "To take over and assume exclusive control for the benefit of the State of any existing county or township roads, and to locate and acquire rights of way for any new roads that may be necessary for a State highway system, with full power to widen, relocate, change, or alter the grade or location thereof, to change or relocate any existing roads that the State Highway Commission may now own or may acquire; to acquire by gift, purchase, or otherwise any road or highway that may be necessary for a State highway system."

In the *Newton case, supra* (194), at p. 171-2, this Court said: "However, the defendant has the power, under the law, if, in its discretion the exercise thereof shall seem wise and proper under section 10, subsection (b), 'to locate and acquire right of way for *any new roads* that may be necessary for a State highway system, with full power to widen, relocate, change or alter the grade or location thereof.' The Legislature, in its wisdom, by this section of the law, empowered the defendant to select and construct new roads which it deemed necessary for the State system in such way and manner and in such places as it might determine."

Chapter 200, Public Laws 1927, the caption reads as follows: "An act to require the State Highway Commission to take over additional mileage for State maintenance in the several counties of the State of North Carolina." The act is as follows:

"Section 1. That the State Highway Commission is hereby authorized and empowered, and it shall be their duty to take over for State maintenance, additional roads heretofore maintained by the several counties,

amount of additional roads so taken over for State maintenance shall not exceed twenty per cent of the present mileage as is now designated and maintained as State highways.

"Sec. 2. The laying out, and designation of new roads placed on the State highway system as State maintained roads, shall be left entirely in the discretion of the said Highway Commission in the respective districts, dividing the mileage of new roads taken on in counties which have heretofore not received as much State highway mileage as to make said county or counties share equally as nearly as practicable with other counties of the State, or in the discretion of the State Highway Commission in said district to place said additional roads on State maintenance that will best serve that section of the State.

"Sec. 3. That the State Highway Commission shall work in coöperation with the road-governing body of the counties in their respective and several districts in the laying out of these roads, always looking after the interest of both county and State in so doing.

"Sec. 4. That all laws in conflict herewith are to the extent of such conflict hereby repealed."

The plaintiff contends: "An act known as the Smith-Hargett Act, which in its official form would have granted to the Highway Commission absolute and unlimited power with reference to changing, altering or abandoning highways as designated on the original highway map, but which in the form eventually passed (chapter 46, N. C. Public Laws of 1927), carefully safeguarded such additional authority as was granted, and in particular stipulated that the county road-governing authorities should be heard on all matters involved; (b) the additional mileage bill which was adopted (chapter 200, Public Laws of 1927), but which provided not merely for notice to or hearing on behalf of the county road-governing authorities, but went further and stipulated that the additional mileage to be taken over should be done only after coöperation with the county road-governing authorities. In granting the authority and making direction for additional mileage to be added to the State highway system, as provided in chapter 200 of the 1927 Public Laws, the Legislature imposed three positive and definite conditions: (1) The authority given is to take over for State maintenance only additional roads theretofore maintained by the several counties. Manifestly this cannot be construed as authority to build new roads, but only to take over existing roads; (2) a separate and distinct section (sec. 3) provides 'That the State Highway Commission shall work *in coöperation* with the road-governing body of the counties in the laying out of these roads.' (3) The third condition is that in taking over such additional highways, the Highway Commission should always look after the interest of both county and State."

We must construe the section of the act of 1921, mentioned *supra,* with the act of 1927. In fact, the act of 1927, in clear language says: "That all laws in conflict herewith are *to the extent of such conflict,* hereby repealed." This Court, in construing the act of 1921, in the *Newton case, supra,* in unequivocal language said that the State Highway Commission was empowered to add new roads to the State system. The act of 1927, ch. 200, was passed giving the State Highway Commission authority and power and making it the duty to take over for State maintenance additional roads heretofore maintained by the several counties, the additional roads not to exceed 20 per cent of the present mileage of State maintained roads. This was to relieve the counties of maintenance and put the roads under the State highway system. This act was no doubt passed because the State highway system is financed solely by automobile license and gasoline tax, and after paying interest on the State bonds for building the roads, the upkeep or maintenance of the roads, the sinking fund provided for to meet the bonds as they mature, there was a large surplus in the treasury. This was collected for road purposes and should be so used. It would be a narrow construction of the two acts, construed *in pari materia,* and under existing conditions, to say in adding the new county roads to the State highway system, that new links could not be added to make a composite system. In fact, the act of 1927 says "to place said additional roads on State maintenance *that will best serve that section of the State."* The intent of the General Assembly was directed not only to the roads being taken over from the county, primarily for maintenance and relieve the county, but in so doing service to the section of the State is one of the factors to be considered.

The serious question is the language of the 1927 act, which says: *"That the State Highway Commission shall work in coöperation with the road-governing body of the counties"* in laying out these roads.

The court below found the facts and based its conclusions of law on the facts so found, which is fully shown by the record. On the question of *coöperation* we quote the finding as follows: "The court is further of the opinion, and so finds, that in the laying out and designation of the said roads the defendant has complied fully with all the requirements of chapter 200, of the Public Laws of 1927, *and has coöperated fully with the board of commissioners of Wake County as fully and completely as the requirements of that act demand,* in that the defendant has endeavored to secure said road in accordance with an agreement of plaintiffs, except in minor details heretofore referred to, but has at the same time used its discretion in good faith in placing said roads under State maintenance in such manner as will best serve that section of the State and county, in shortening the alignments of the roads and

utilizing to the best advantage the topography of the ground, the conclusions reached in its discretion being based upon the expert knowledge of the defendant and the advice of its expert engineers as to the efficient and economical construction and maintenance of the said road." (Italics' ours.)

In *Wentz v. Land Co.*, 193 N. C., at p. 34, it was said: "In injunction proceedings this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct. *Sanders v. Ins. Co.*, 183 N. C., 66.

There was some evidence to support the findings of the court below. The burden is on the plaintiff, appellant, to show error, which it has not done. The judgment of the court below is

Affirmed.