VIRGINIA HARRISON v. N. A. BRAY.

*Injunction—Set-off—Mortgagor and Mortgagee.*

1. The plaintiff executed to the defendant a mortgage to secure the amount due upon a note one year thereafter; before the day of payment she purchased two notes on defendant (who was insolvent), past due, and demanded a credit for the sums due thereon upon her note; the defendant refused to allow the credits, alleging that he had sold the note before it became due; that one of the notes against him was barred by the statute of limitations; that he was entitled to the amount of the plaintiff's note as personal property exemption, and advertised the mortgaged premises for sale; *Held,* that the plaintiff was entitled to have the sale enjoined until the issue arising upon the controverted facts were properly tried.

2. Whether an interlocutory injunction should be granted in such cases is a question addressed to the *legal* discretion of the court, to be exercised in accordance with established principles, its purpose being, not to determine the rights involved, but to prevent the perpetration of a wrong, or secure the preservation of the subject of the litigation pending action.

(*Harris* v. *Burwell,* 65 N. C., 584; *Heilig* v. *Stokes,* 63 N. C., 612; *Jarman* v. *Saunders,* 64 N. C., 367; *Dockery* v. *French,* 69 N. C., 308, cited and approved).

CIVIL ACTION pending in CRAVEN Superior Court, and heard before *Philips, Judge,* at Chambers, on 14th January, 1885.

The plaintiff alleges in her affidavit, that she executed to the defendant her promissory note for $400, dated the 1st day of December, 1883, to be due on the 1st day of December, 1884, and to secure the same, executed to him a mortgage with power of sale contained therein, upon her house and lot situated in the city of Newbern ; that after she executed the note and before it came due, she purchased for value two single bonds, given by the defendant to third persons, whereby he became indebted to her in the sum of $291.58 ; that at once, after the notes she gave the defendant came due, under the power of sale contained in the mortgage, he advertised that he would sell the house and lot ; that thereupon, she offered to surrender to him the bonds she held against him, they then being past due, in part discharge of her note to him, and to pay the balance due thereon in cash ; that he refused to accept this proposition, and that he was insolvent.

She brought this action to compel the defendant to account with her ; to have the money due upon the bonds she holds against him set off as a credit on the note she gave him, and to be allowed to pay the balance in cash, and for an injunction restraining him from selling the mortgaged property pending the action.

She moved before Shepherd, Judge, at Chambers for such injunction, and he granted a restraining order, and required the defendant to show cause, before Philips, Judge, at a subsequent day, why an injunction should not be granted, upon condition that the plaintiff would pay into court the sum she admitted to be due.    Whereupon she paid the sum of $143.42 into court as required.

Upon the hearing of the motion at a subsequent day, under the order to show cause, the defendant admitted the substance of the plaintiff's allegations, except that he contended that he signed one of the bonds which she held against him as surety,

and it was therefore barred by the statute of limitations; but he alleged that he had sold the note, secured by the mortgage, before it matured, to a third party for a valuable consideration. He further contended that he was poor, and was entitled, if, indeed, he had not effectually sold the note before it came due, to have it set apart to him as and for his personal property exemptions.

These allegations the plaintiff denied. Numerous affidavits were produced by both the parties—those on the part of the plaintiff tending to show that the defendant had not sold the note for $400 before it came due, and that the pretended sale was colorable, and intended to defeat her rights, those on the part of the defendant tending to show the contrary.

The Judge denied the motion for an injunction; the plaintiff excepted and appealed to this court.

*Messrs. Batchelor & Devereux,* for the plaintff.

*Messrs. Reade, Busbee & Busbee* and *Walter Clark,* for the defendant.

MERRIMON, J. (after stating the facts). We are of opinion that the defendant ought to be restrained by injunction from selling the mortgaged property until the action shall be tried upon its merits. If the allegations of the plaintiff be accepted as true, she had the right in equity as soon as the note secured by mortgage came due, indeed before that time, to surrender to the mortgagee, the defendant, the bonds against him, which she held and owned, and to have the money due upon them credited upon the note he held against her. *Harris* v. *Burwell,* 65 N. C., 584. And such credit would discharge the mortgage debt *pro tanto.*

The defendant, however, alleges that one of the bonds, as to him, is barred by the statute of limitations. This depends it seems, upon whether or not he executed it as principal or surety. It appears from its face that he executed it as principal. He further alleges that he sold the note secured by the mortgage to a

third person before it became due, and that he has no interest in
it. He produced affidavits tending to sustain these allegations.
The plaintiff, on the other hand, denies that they are true, and
alleges that the pretended sale of the note was merely colorable
and intended to defeat her rights, and she produced affidavits
tending to show that her contention was true.

She is entitled to have the material issues of fact raised and
that may be raised by the formal pleadings, tried by a jury, and
the issues of law decided finally by the court in the ordinary
course of trial. Upon this application for an injunction, they
are not so tried. The judge hears the motion summarily upon
affidavits and other appropriate evidence, and determines whether
or not the case is one in which relief by injunction *may* be
granted, and whether it *ought* to be. If it appears that the
defendant is doing, or is about to do, or threatens to do, or pro-
cures another to do some act, or suffers some act to be done, in
violation of the plaintiff's right in respect to the subject of the
action, and which may defeat the purpose of, or render ineffec-
tual the judgment when obtained, the court ought to grant an
order for an injunction restraining the defendant from doing or
suffering to be done such act, until the action shall be tried upon
its merits. The object is to preserve the matters in litigation
intact as nearly as may be, until the rights of the parties shall be
settled and determined according to the ordinary course of pro-
cedure. The purpose of an interlocutory injunction, such as that
demanded in this case, is not to determine the question of right
involved in the action, but merely to prevent the further perpe-
tration of wrong, or the doing of any act by which the right in
controversy may be materially injured or endangered.

And so, in this case, the question of the rights of the parties
is not determined in the application for an injunction. The
substance of the plaintiff's complaint is, that the defendant is
about to sell her house and lot, while she is entitled to have the
mortgage under which he purports to act, and the debt secured
by it, discharged by the application of the money due upon the

two bonds she holds against him. This is the principal relief demanded by the action, and the object of the injunction demanded is, not to try the right in that respect, but to prevent a sale of the property until the action can be tried upon its merits.

The special interlocutory injunction is not granted, *ex debito justitiæ*, or as of course, but the application for it is addressed to the sound discretion of the Court, guided by the facts and circumstances of the case in which such relief is sought. Such discretion is not an arbitrary one, it is a legal one, exercised in accordance with established principles of equity. Hence, it is the duty of the Court, in such applications, to require a full disclosure of the facts affecting them. If the plaintiff's right is clear and the injury apprehended is likely to occur; or if the evidence leaves the question of right in doubt, and the injury may—would—likely occur, the injunction should be granted. This is especially so when no serious harm can result to the defendant. The Court should be satisfied in a reasonable degree that the plaintiff, in good faith, sets forth and insists upon a right that ought to be preserved intact as nearly as may be, until the action shall be tried upon its merits.

Applying the law, we think the plaintiff was clearly entitled to the interlocutory relief she demanded.

The defendant admitted the substance of her material allegations, including that of his insolvency, but alleged matters in avoidance; the latter allegations are in turn denied by the plaintiff.

It appears that she has in good faith alleged a substantial cause of action, and that if she shall, in the end, succeed in obtaining a judgment in her favor, it will be rendered ineffectual if the defendant shall, in the meantime, be permitted to sell the property mentioned. The evidence shows that her right is seriously questioned, but she may succeed in establishing it upon the trial of the action.

We are satisfied that the action is not simply feigned and vexatious, but that it is serious, and there is evidence tending strongly

to support the plaintiff's allegations. In such a case relief by injunction should be granted. *Heilig* v. *Stokes*, 63 N. C., 612; *Jarman* v. *Saunders*, 64 N. C., 367; *Dockery* v. *French*, 69 N. C., 308; *High on Injunction*, §§3, 5, 6, 7, 8.

The allegation of the defendant that he is poor and entitled to the note against the plaintiff as part of his personal property exemption, if he has not sold it, as he alleges, cannot avail him here. It may turn out that he is not so entitled.

The injunction must be allowed.

To that end let this opinion be certified to the Superior Court of Craven county. It is so ordered.

Error.                                   Reversed.