JOHN F. TURNER v. JOS. W. CUTHRELL, et al.

*Injunction—Pleadings.*

1. Where, in an action to obtain a perpetual injunction, the plaintiff appears to be acting in good faith, and sets out a *prima facie* case, and the defendant confesses and avoids the allegations of the complaint, and answers only on information and belief, the injunction should be continued to the hearing.

2. Pleadings should clearly and plainly allege the cause of action or defence, and where they fail to do so, the Court may, *ex mero motu*, direct them to be reformed.

(*Heilig* v. *Stokes*, 63 N. C., 612; *Harrison* v. *Bray*, 92 N. C., 488, cited and approved).

CIVIL ACTION, heard by *Philips, Judge*, at Chambers, on December 9th, 1885, on a motion to continue a restraining order theretofore granted, to the hearing.

The chief purpose of this action is to obtain perpetual relief by injunction. The plaintiff moved at Chambers, upon notice, for an injunction pending the action, until the hearing upon the merits. At the hearing of the motion, the verified complaint and answer, and the exhibits thereto, were the only evidence before the Court. The Court made an order, of which the following is a copy :

" It is ordered and adjudged that the defendants, their agents and attorneys, be restrained and enjoined till the hearing, from ejecting the plaintiff from so much of the land and premises set out and described in the complaint, as is in excess of the dower allotted to Penelope Turner ; and that they be restrained and enjoined from ejecting him from said dower, till he shall have gathered the crop raised on said dower during the year 1885."

The defendants excepted and appealed.   The facts sufficiently appear in the opinion of the Court.

*Mr. R. O. Burton, Jr.*, for the plaintiff.
*Mr. John A. Moore*, for the defendants.

MERRIMON, J.   Pleadings should have certainty, definiteness and precision.   All the statements, allegations and averments, should be so exact, as to present clearly the precise cause of action, or ground of defence, and leave no doubt of the purpose of the pleading.   This is essential to the intelligent and due administration of justice.   In many instances the allegations of the complaint are very general, loose and indefinite, scarcely sufficient to enable the Court to see the party's right as he intends to allege it.   In such cases, the opposing party should demur, if there be ground for demurrer, or move to have the pleadings made more definite and certain, and indeed, the Court might *ex mero motu* direct this to be done.   It is a serious mistake of the Courts to tolerate and thus encourage bad pleading.

The pleadings in this case are indefinite.   Much is left to inference and to be gathered from the drift of the allegations of the complaint and answer.   The plaintiff does not state in terms, how his cause of action arises, but we can see that in substance and effect, he alleges that John P. Turner died in the county of Halifax in the year 1859, seized in fee of the tract of land in question, having purchased the same in the year 1854, from one Whitaker, and that the same descended to plaintiff and his two sisters, who were the only heirs-at-law of the said John P. Tur-

ner, deceased, subject to the right of dower of his surviving widow; that the latter had dower duly assigned to her, which embraced seventy acres of the land; that afterwards, in 1885, the widow executed to Wright Hayes, a mortgage deed purporting to convey the fee in her dower land, and as well the whole tract mentioned, to secure a debt of $110; that the plaintiff had, for about ten years, lived upon and had possession of all the land, and the widow lived with him as part of his family; that afterwards, the mortgagee named, by proper action for that purpose, obtained a decree of foreclosure of his mortgage, and an order for the sale of the land; that at the sale thereof the defendants became the purchasers; that the sale was confirmed, the purchase money paid, and a deed made by the commissioner to the purchasers on the 26th of May, 1885; that afterwards, and after the plaintiff had cultivated and matured his crop, planted before the time of the sale, part of it on the dower land, the purchasers caused a writ of possession to issue in their behalf, commanding the Sheriff to eject the widow, and put them in possession of the land. The prayer is for a perpetual injunction as to so much of the land as is not embraced by the dower, and for general relief.

The defendants admit, on information and belief, that some time in the year 1854 the said John P. Turner, deceased, did purchase from the said Whitaker the land in question, but they allege, on like information and belief, that the deed for the land was never delivered; that after the death of Whitaker, in 1879, the deed was found among the latter's papers, and his niece handed the same to the plaintiff, and he had it proven and registered; they admit that dower was assigned to the widow as alleged; and allege upon information, that she had possession of the whole tract of land, claiming it as her own, and having the same listed for taxation in her name, for more than ten years; they further allege that the plaintiff had charge of the land as her agent, and listed the same for taxation, as alleged by them; that the plaintiff had knowledge of the mortgage, consented to

and approved the same; that he was at the sale, and made no objection thereto; that the crops of corn, cotton and peas, must· have been planted but a few days before the sale, and the plaintiff had notice thereof.

· If the allegations of the complaint are true, the plaintiff is entitled to relief, because the defendants got by their purchase only the life estate of the doweress in so much of the land as was assigned to her as dower. She had but a life estate in that part of it, and no title or claim to the remaining part. The mortgage deed passed only such title and right as she had. The plaintiff was no party to the action in which the order of sale of the land was made, and cannot, therefore, be justly affected by it, or final process therein. The writ of possession complained of, embraces the whole land, when it ought, properly, if the plaintiff is entitled as he alleges, to embrace only the dower tract.

The defendants, in effect, confess and avoid the plaintiff's cause of action. They admit the material allegations, and allege matter in avoidance thereof, and moreover, their defence is simply made on information and belief.

· It appears reasonably, that the plaintiff has brought his action in good faith, and that he presents such a case as *prima facie* entitles him to relief. It would be very unjust to eject him from that portion of the land that apparently belongs to himself and sisters, without opportunity to assert his title and right to remain in possession. He may establish his right to the relief he seeks. It was, therefore, proper to grant the injunction pending the action, and until the hearing upon the merits. The Code, §338, *Heilig* v. *Stokes*, 63 N. C., 612; *Harrison* v. *Bray*, 92 N. C., 488.

As to the crops on the dower land, the evidence is vague and unsatisfactory. It seems that the defendants, at least tacitly, con- sented that the plaintiff might cultivate and mature them after the sale. If so, surely they ought not to take the whole crop, without any compensation to him who made it, even if they were entitled to have it at the time of their purchase, and as to

that, we express no opinion. Any question in this respect may be decided properly on the trial, and the plaintiff required to account or not, as the right of the matter may then appear.

There is no error. Let this opinion be certified to the Superior Court, to the end that the Court may proceed in the action according to law. It is so ordered.

No error.                                                      Affirmed.