WILLIAM P. WHITTAKER and wife v. THOS. N. HILL, Trustee, and W. W. GWATHMEY & CO.

*Deed in Trust—Injunction.*

Where the complaint states facts sufficient to authorize a temporary injunction, and the answer raises serious issues, the determination of which is doubtful, it is not error to continue the injunction till the hearing upon the merits, especially when it appears that the subject matter of the action will remain unimpaired.

(*Harrison* v. *Bray*, 92 N. C., 488; and *Turner* v. *Cuthrell*, 94 N. C., 239; cited and approved).

CIVIL ACTION, heard before *Shepherd, Judge*, at March Term, 1886, of HALIFAX Superior Court, upon complaint,

answer, affidavits, &c., to dissolve an injunction thereto granted, to restrain the defendants from selling certain lands conveyed to secure the payment of debts by the defendants. His Honor refused to dissolve, and continued the injunction to the hearing. The defendants appealed.

*Mr. Walter E. Daniel,* for the plaintiffs.
*Mr. Thos. N. Hill,* for the defendants.

MERRIMON, J. The plaintiffs, in their verified complaint, allege, as the ground of the equitable relief they demand, that the debt specified in and secured by the deed of trust under which the defendant trustee is proceeding to sell the land, which it purports to convey to him in trust, has been fully paid by the proceeds of the sale of a part of the personal property and cotton of the crop conveyed by that deed, and as by its terms and effect provided. They further allege, that the land mentioned is all that the husband plaintiff owns and had at the time the deed was executed, and that it is not worth more than $1,000, and he is entitled to have his homestead therein allotted to him. It is further alleged, that the *feme* plaintiff was at the time she purported to acknowledge the execution of the deed of trust mentioned, the wife of her co-plaintiff—that she was then under the age of twenty-one years, and will not attain her majority until the ninth day of February, 1888; and that the deed mentioned is inoperative and void as to the land embraced by it, because this land constituted the homestead of the plaintiffs.

The defendants in effect confess and avoid the alleged cause of action. They admit that they received the money, the proceeds of the sale of the personal property, including the cotton, as alleged in the complaint; but they aver that in the latter part of the crop year of 1884, at the request of the husband plaintiff, they advanced to him money to

enable him to gather his crop, with the understanding and the agreement on his part with them, that the unsecured debt thus created by him should be paid from the proceeds of the crop before any part of the secured debt mentioned should be paid; that in pursuance of this agreement, they applied so much of the proceeds of the cotton as was necessary to pay the unsecured debt, and they allege that there is a balance of $462.48 and interest, of the debt embraced by the deed of trust, yet unpaid.

The action seems to have been brought in good faith, and if the complaint be taken as true, the husband plaintiff is entitled to relief by injunction   The defendants, however, while admitting the material facts stated in the complaint, allege other facts, which, if true, seriously put in question the plaintiff's right to the relief sought.

The letters of the husband, put in evidence by the defendants, tend strongly to show that he did agree to pay the unsecured debt as alleged by the defendants.   The amount of this debt is not stated, as agreed to by him, nor does he admit that he received the statement of account rendered, or its correctness.   The matters of fact at issue are not entirely free from doubt, and besides, important questions of law are raised that ought not to be decided until the action shall be tried upon the merits.

In such cases, the injunction will be continued until the hearing upon the merits, especially when it appears, as it does in this case, that the security will remain unimpaired. *Harrison* v. *Bray*, 92 N. C., 488; *Turner* v. *Outhrell*, 94 N. C., 239.

There is no error.   Let this opinion be certified to the Superior Court according to law.

No error.                                   Affirmed.