This was an application, by motion, for an injunction to restrain thefeme defendant pending the action, until the hearing upon the merits, *Page 174 
(202) from selling, disposing of, or collecting the promissory notes and enforcing the mortgage to secure the same, specified in the complaint.
The motion was heard upon the sworn complaint and answers, treated as affidavits, and additional affidavits of the plaintiffs. The following is a copy of the material parts of the complaint:
The plaintiffs, complaining of the defendants, allege:
1. That on 1 January, A.D. 1886, the defendant Ella V. Stirewalt was the owner in fee of a lot of land in the town of Statesville whereon is a dwelling-house, situated on Broad Street, adjoining the lots of C. H. Armfield, A. A. Hampton, and the heirs of T. S. Tucker, deceased, known as the Richard Allison lot, and containing about one acre.
2. That on the day last aforesaid the plaintiff M. G. Caldwell, through the plaintiff L. C. Caldwell, her husband, acting as agent, entered into a negotiation with the defendant Ella V. Stirewalt, acting through her agent, the defendant C. L. Summers, who is her father and who was fully thereto authorized by her, for the purchase of said lot of land, and the plaintiff in said negotiation, through her agent, informed the defendant Ella V. Stirewalt, through her said agent, C. L. Summers, that she desired to purchase said house and lot for a residence for herself and family, and that the main and moving cause for her said purchase was to secure a healthy location for herself and family; and through her agent aforesaid she called the attention of the defendant's agent to a basement under the dwelling-house on said lot, and asked him if the water ever arose or stood in said basement, and declared to him during said negotiation that if the water ever did rise or stand in said basement or get in there in any way she would not purchase said property at any price whatever. The defendant Ella V., through her said agent, declared to the plaintiff's agent that the water never did rise or stand in said basement or get in there in any way; that the same was at all times perfectly dry and fit for use as a cook-room or a place for servants (203) to sleep; whereas, in truth and in fact, said basement was then, to the knowledge of both of these defendants, and had been for a long time, in such a condition that whenever any considerable or ordinary rains fell the water would rise, run into and stand in said basement, rendering the same totally unfit for use, and rendering the whole house unhealthy to its occupants, damp and unsuitable for a dwelling-house, and especially rendering the rooms immediately above said basement damp and unhealthy; so much so that in ordinary wet weather bed clothing, wearing apparel, and furniture were constantly covered with damp and mould, and the plaintiff M. G. and her said agent, being strangers to said property, believed and relied on the said representation *Page 175 
of said Ella V.'s said agent, and were induced thereby to proceed with said negotiation, and to purchase said property as hereinafter stated.
3. That afterwards, to wit, on the day and year aforesaid, the plaintiff M. G., acting through her said agent, and moved and induced by the fraudulent and false representation of the defendant Ella V.'s said agent that said basement was at all times dry and fit for. use as aforesaid, and that the water did not rise or stand therein or get in in any way, bought said property of said Ella V. through her said agent at the price of $2,250, and took a deed therefor from said Ella V. in fee, and gave her three several notes for the same, signed by herself and the plaintiff L. C.; one for $250 due 1 January, 1887; one for $1,000 due same date, and one for $1,000 due 1 January, 1888, all dated 1 January, 1886, and bearing 8 per cent interest from date, and to secure the same gave a mortgage on said house and lot, which is recorded in Book 6, pages 691-2, in the register's office in Iredell County, and that all of said notes are now in the possession of said defendant Ella V. or her said agent.
4. That about the time of said purchase plaintiffs moved into (204) her house on said lot with their family, and in less than a week after said purchase, it having rained, the plaintiffs found that in said basement story the water was standing almost knee deep, and as long as they remained in said house the water would enter and stand in said basement until the same was bailed out or escaped by evaporation, rendering said house damp, unhealthy and unfit for occupation as a dwelling, and rendering plaintiffs' family sick. Plaintiffs repeatedly, during their occupation of said house, called the attention of the said C. L. Summers (defendant Ella V. being at a distance from Statesville) to the flooded condition of said basement, and requested him to look at the same and take some steps to remedy it, but he persistently refused to look at it or take any steps to remedy it.
5. The plaintiffs continued to reside in said house with their family until about 1 November, 1886, when, finding that said dwelling-house, by reason of the constant flooding of said basement, was unhealthy and totally unfit for a dwelling-house, removed from the same and totally abandoned and surrendered said premises, and notified the said Ella V. through her agent, C. L. Summers, that they abanoned [abandoned] the said contract for the said house and lot, and offered him the key of the house and possession of the premises, having before that demanded of him that all their papers in regard to said trade be canceled and delivered up; and since said 1 November, 1886, the plaintiffs have had no possession of and have exercised no control over said house and lot or any part of it, and that a summons has been issued in this action. *Page 176 
The complaint demands judgment that the sale of the land by the feme
defendant to the feme plaintiff be declared and decreed to be void for fraud alleged, for further specific relief, and for general relief.
The answers of the defendants admit some of the material (205) allegations of the complaint, deny others, especially those alleging fraud, explain others — admitting them in part and denying them in part, and the feme defendant alleges that the feme plaintiff knew that the cellar complained of sometimes became wet and damp; that she occupied the house for months, and did not in good faith offer to surrender it or abandon the sale complained of for a long while, etc., etc.
The court made an order granting the motion for the injunction until the hearing, etc., from which the defendants appealed to this Court.
The plaintiffs allege a cause of action, and the evidence produced by them in support of the motion for an injunction until the hearing upon the merits tends strongly to prove that the action is brought in good faith to obtain the relief demanded, and that the feme plaintiff may be entitled to have the same substantially.
On the contrary, while the answer admits some of the material allegations of the complaint and other evidential facts, it denies others and alleges matter in defense, and seriously puts in question the matter in litigation. As the matter is serious, and there is doubt, the feme
defendant should not be allowed to collect or dispose of the notes in question until the cause of action shall be litigated. The case is one that comes within the rule of equity applied in Harrison v. Bray, 92 N.C. 488;Coates v. Wilkes, ibid., 376; Ellett v. Newman, ibid., 519; Whittaker v.Hill, 96 N.C. 2; McElwee v. Blackwell, 94 N.C. 261; Lewis v. LumberCo., 99 N.C. 11, decided at this term.
(206) It is true, as contended by the counsel for the appellant, that the feme plaintiff, if she intended to abandon the sale, should have done so, and given notice of this her purpose promptly on discovering the alleged fraud practiced upon her in bringing it about, as was decided in McDowell v. Simms, 6 Ired. Eq., 278; Alexander v. Utley, 7 Ired. Eq., 242; Knight v. Houghtalling, 85 N.C. 17, and other like cases But she alleges that she did so, and it is not at all clear that under the circumstances she did not. What she did in this connection must receive a reasonable interpretation, in view of the whole facts. That she did or did not abandon the sale as promptly as she should have done *Page 177 
is a question that ought not to be decided now. There is such doubt about it as that it ought to be considered and determined when the case shall be heard upon the merits.
There is no error. Let this opinion be certified to the Superior Court, to the end that further steps may be taken in the action there according to law. It is so ordered.
Affirmed.
Cited: Durham v. R. R., 104 N.C. 264; Davis v. Lassiter, 112 N.C. 130;Moore v. Sugg, ibid., 235; Faison v. Hardy, 114 N.C. 61; Yount v.Setzer, 155 N.C. 219.