L. C. CALDWELL and M. G. CALDWELL, his wife, v. ELLA V.
STIREWALT and C. L. SUMMERS.

*Fraud in Sale of Land—Injunction until the Hearing.*

1. Where a sale and conveyance of land had been made and bonds and
mortgage executed to secure the purchase money, and the pur-
chaser brought an action for an alleged fraud in the contract of
sale, and asked for a cancellation of the papers, &c., and moved
for an injunction to restrain defendant from collecting or dispos-
ing of the bonds until the hearing ; and the evidence, offered in
support of the motion, tended to prove that the action was brought
in good faith ; *Held*, that though the answer, admitting some of
the material allegations of the complaint, denied others, and al-
leged matters in defence, and put in question the matter in litiga-
tion, still the cause of action being serious, and there being a
doubt, it was proper to grant the injunction until the hearing.

2. Though one, who would have a sale avoided for fraud, should abandon
it on discovering the fraud, and give notice thereof promptly to
the vendor, where the purchaser alleges that he did so, and details
in his complaint his actions in respect thereto, and on a reasonable
interpretation of his conduct, in view of the facts, it is doubtful
whether he did or did not abandon the sale, a decision of the ques-
tion of abandonment should be deferred until the hearing.

MOTION FOR AN INJUNCTION in a civil action, heard before
*Clark, J.,* at November Term, 1887, of the Superior Court of
IREDELL County.

This was an application, by motion, for an injunction to
restrain the *feme* defendant, pending the action, until the
hearing upon the merits, from selling, disposing of, or col-

lecting the promissory notes, and enforcing the mortgage to secure the same, specified in the complaint.

The motion was heard upon the sworn complaint and answers, treated as affidavits, and additional affidavits of the plaintiffs. The following is a copy of the material parts of the complaint.

The plaintiffs, complaining of the defendants, allege:

1. That on the 1st day of January, A. D. 1886, the defendant Ella V. Stirewalt was the owner, in fee, of a lot of land in the town of Statesville, whereon is a dwelling-house, situated on Broad street, adjoining the lots of C. H. Armfield, A. A. Hampton, and the heirs of T. S. Tucker, deceased, known as the Richard Allison lot, and containing about one acre.

2. That on the day last aforesaid, the plaintiffs M. G. Caldwell, through the plaintiff L. C. Caldwell, her husband, acting as agent, entered into a negotiation with the defendant Ella V. Stirewalt, acting through her agent, the defendant C. L. Summers, who is her father, and who was fully thereto authorized by her, for the purchase of said lot of land, and the plaintiff in said negotiation, through her agent, informed the defendant Ella V. Stirewalt, through her said agent, C. L. Summers, that she desired to purchase said house and lot for a residence for herself and family, and that the main and moving cause for her said purchase was to secure a healthy location for herself and family, and through her agent aforesaid, she called the attention of the defendant's agent to a basement under the dwelling-house on said lot, and asked him if the water ever arose or stood in said basement, and declared to him during said negotiation that if the water ever did rise or stand in said basement, or get in there in any way, she would not purchase said property at any price whatever. The defendant Ella V., through her said agent, declared to the plaintiff's agent, that the water never did rise or stand in said basement, or get in there in any way; that the same was at all times perfectly dry and

fit for use as a cook room, or a place for servants to sleep; whereas, in truth and in fact, said basement was then, to the knowledge of both of these defendants, and had been for a long time, in such a condition that whenever any considerable or ordinary rains fell, the water would rise, run into and stand in said basement, rendering the same totally unfit for use, and rendering the whole house unhealthy to its occupants, damp and unsuitable for a dwelling-house, and especially rendering the rooms immediately above said basement damp and unhealthy ; so much so that in ordinary wet weather bed clothing, wearing apparel, and furniture were constantly covered with damp and mould, and the plaintiff M. G. and her said agent, being strangers to said property, believed and relied on the said representation of said Ella V.'s said agent, and were induced thereby to proceed with said negotiation, and to purchase said property, as hereinafter stated.

3. That afterwards, to-wit: on the day and year aforesaid, the plaintiff M. G., acting through her said agent, and moved and induced by the fraudulent and false representation of the defendant Ella V.'s said agent, that said basement was at all times dry and fit for use as aforesaid, and that the water did not rise or stand therein or get in in any way, bought said property of said Ella V. through her said agent, at the price of $2,250.00, and took a deed therefor from said Ella V. in fee, and gave her three several notes for the same, signed by herself and the plaintiff L. C.; one for $250.00, due the 1st of January, 1887 ; one for $1,000.00, due same date; and one for $1,000.00, due 1st day of January, 1888, all dated the 1st day of January, 1886, and bearing 8 per cent. interest from date, and to secure the same, gave a mortgage on said house and lot, which is recorded in book 6, page 691-2, in the Register's office in Iredell County, and that all of said notes are now in the possession of said defendant Ella V., or her said agent.

4. That about the time of said purchase, plaintiffs moved into her house on said lot with their family, and in less than a week after said purchase, it having rained, the plaintiffs found that in said basement story the water was standing almost knee deep, and as long as they remained in said house, the water would enter and stand in said basement until the same was bailed out or escaped by evaporation, rendering said house damp, unhealthy and unfit for occupation as a dwelling, and rendering plaintiffs' family sick. Plaintiffs repeatedly, during their occupation of said house, called the attention of the said C. L. Summers (defendant Ella V. being at a distance from Statesville) to the flooded condition of said basement, and requested him to look at the same and take some steps to remedy it, but he persistently refused to look at it or take any steps to remedy it.

5. The plaintiffs continued to reside in said house with their family until about the 1st of November, 1886, when, finding that said dwelling-house, by reason of the constant flooding of said basement, was unhealthy and totally unfit for a dwelling-house, removed from the same and totally abandoned and surrendered said premises, and notified the said Ella V., through her agent, C. L. Summers, that they abandoned the said contract for the said house and lot, and offered him the key of the house and possession of the premises, having, before that, demanded of him that all their papers in regard to said trade be cancelled and delivered up; and since said 1st of November, 1886, the plaintiffs have had no possession of and have exercised no control over said house and lot or any part of it, and that a summons has been issued in this action.

The complaint demands judgment, that the sale of the land by the *feme* defendant to the *feme* plaintiff be declared and decreed to be void for fraud alleged, for further specific relief, and for general relief.

The answers of the defendants admit some of the material allegations of the complaint, deny others, especially those alleging fraud, explain others—admitting them in part, and denying them in part; and the *feme* defendant alleges, that the *feme* plaintiff knew that the cellar complained of sometimes became wet and damp; that she occupied the house for months, and did not, in good faith, offer to surrender it, or abandon the sale complained of, for a long while, &c., &c.

The Court made an order granting the motion for the injunction until the hearing, &c., from which the defendants appealed to this Court.

*Mr. R. F. Armfield*, for the plaintiffs.
*Mr. D. M. Furches*, for the defendants.

MERRIMON, J., (after stating the case). The plaintiffs allege a cause of action, and the evidence produced by them in support of the motion for an injunction until the hearing upon the merits, tends strongly to prove, that the action is brought in good faith to obtain the relief demanded, and that the *feme* plaintiff may be entitled to have the same substantially.

On the contrary, while the answer admits some of the material allegations of the complaint, and other evidential facts, it denies others, and alleges matter in defence, and seriously puts in question the matter in litigation. As the matter is serious, and there is doubt, the *feme* defendant should not be allowed to collect or dispose of the notes in question, until the cause of action shall be litigated. The case is one that comes within the rule of equity applied in *Harrison* v. *Bray*, 92 N. C., 488; *Coates* v. *Wilkes*, Ib., 376; *Ellett* v. *Newman*, Ib., 519; *Whittaker* v. *Hill*, 96 N. C., 2; *McElwee* v. *Blackwell*, 94 N. C., 261; *Lewis* v. *Lumber Company*, 99 N. C., 11, decided at this term.

It is true, as contended by the counsel for the appellant, that the *feme* plaintiff, if she intended to abandon the sale, should have done so, and given notice of this her purpose promptly, on discovering the alleged fraud practiced upon her in bringing it about, as was decided in *McDowell* v. *Simms,* 6 Ired. Eq., 278; *Alexander* v. *Utley,* 7 Ired. Eq., 242; *Knight* v. *Houghtalling,* 85 N. C., 17, and other like cases. But she alleges that she did so, and it is not at all clear, that, under the circumstances, she did not. What she did, in this connection, must receive a reasonable interpretation, in view of the whole facts. That she did or did not abandon the sale, as promptly as she should have done, is a question that ought not to be decided now. There is such doubt about it, as that it ought to be considered and determined when the case shall be heard upon the merits.

There is no error. Let this opinion be certified to the Superior Court, to the end that further steps may be taken in the action there, according to law. It is so ordered.

Affirmed.