DAVIS & GREGORY AND N. A. GREGORY AND WIFE v. R. W. LASSITER, Receiver of Bank of Oxford.

*Injunction—Restraining Sale of Land—Exoneration of Surety's Land—Cancellation of Deed.*

1. A *feme covert* who puts a lien on her land to secure the debt of another becomes a surety to the extent of the property so encumbered; but if the creditor agrees that funds belonging to the principal and coming to his, the creditor's, hands, shall be applied to the payment of the secured debt, but applies such funds in excess of the secured debt to the credit of other notes of the principal debtor, her land will be exonerated, and she will be entitled to have the deed cancelled.

2. Where, in an action brought to cancel a deed of trust, an application was made on behalf of such a surety for an injunction restraining the sale of her land, and a well-defined issue was raised by the affidavits and counter-affidavits involving the equity for exoneration and cancellation: *Held*, that it was proper for the Judge before whom the motion was made to continue the injunction to the hearing.

CIVIL ACTION, brought by W. A. Davis and N. A. Gregory, trading as Davis & Gregory, and N. A. Gregory and wife, against R. W. Lassiter, Receiver of the Bank of Oxford, and B. P. Thorp, trustee, to cancel a deed of trust, and to restrain a sale of the land embraced therein, heard before *Connor, J.,* at Weldon, on motion for an injunction.

Davis & Gregory, in the course of their business as tobacco dealers, borrowed $5,000 from the Bank of Oxford, and the wife of Gregory conveyed her land in Northampton county to the defendant B. P. Thorp, trustee, to secure the payment of the note. Davis & Gregory were largely indebted otherwise to the bank and had consignments of tobacco with Arrington & Scott, of Richmond, who remitted to the Bank of Oxford, which, together with other payments made by W. H. Davis, the managing partner, were credited on the unsecured debts of Davis & Gregory. The plaintiffs allege that, at the time of the execution of the trust deed by Mrs. Gregory, it was agreed that the funds coming to the bank from the sales of tobacco in the hands of Arrington & Scott should be first applied to the payment of the debt secured by her land. This agreement the defendant receiver and the former president and cashier of the bank deny, and they allege that whenever remittances were made by Arrington & Scott, or other payments made by W. A. Davis, they were applied—sometimes in the presence and always with the knowledge and consent of said Davis—to the other and unsecured debts of Davis & Gregory.

The Bank of Oxford was, by proper proceedings in Wake Superior Court, in 1892, placed in the hands of the defendant Lassiter as receiver, who, in the course of collecting its assets, required the defendant Thorp to sell the land of the *feme* plaintiff which had been conveyed to secure the $5,000 note. A restraining order was granted at the instance of plaintiffs, and, on hearing the motion at Wel-

don on the affidavits and exhibits, the injunction was continued to the hearing, and defendants appealed.

Messrs. *A. W. Graham* and *R. B. Peebles*, for plaintiffs.

Messrs. *T. N. Hill* and *A. J. Field*, for defendant (appellant).

BURWELL, J.: The *feme* plaintiff, having put a lien on her land to secure a debt due from the firm of Davis & Gregory to the Bank of Oxford, thereby became in effect a surety for the payment of said debt to the extent of the property so encumbered by her. *Shinn* v. *Smith*, 79 N. C., 310. It is distinctly alleged in her behalf that, at the time she imposed this burden on her separate estate, it was agreed between all the parties that the proceeds of the sale of certain tobacco (the property of Davis & Gregory) should be paid to the bank, and should be applied by it to the debt for which she had made her land liable, as above stated. It is not denied that the bank received these funds, and they were sufficient to pay off the debt. But the defendant produces evidence tending to show that there was no agreement on the part of the bank that these funds should be applied as the *feme* plaintiff insists they should have been, and says that they were rightfully applied on other indebtedness of the firm to the bank.

It thus appears that there is a *serious* issue of fact between the parties. If that issue is, upon the trial, found in favor of the plaintiffs, her land will be exonerated and she will be entitled to have the deed in trust cancelled. So this case is brought clearly within the principle established by *Whitaker* v. *Hill*, 96 N. C., 2; *Harrion* v. *Bray*, 92 N. C., 488, and *Caldwell* v. *Stirewalt*, 100 N. C., 201, and the cases there cited.                    No Error.