From an order continuing the injunction to the hearing the defendants appealed.
The affidavit of plaintiff E. B. Atkinson, which was supported by affidavits of C. E. Graham and others similar in substance, was as follows:
1. That about 1885 R. V. Welch and the heirs of J. R. Love, and perhaps others interested, conveyed to the late Clarke Whittier a large tract of land containing about from 75,000 to 80,000 acres, lying in Swain County on the north side of the Western North Carolina Railroad, and on the north side of the Tuckaseigee River, and now commonly known as the Whittier lands, at the price of $50,000, (671) of which sum, as affiant is informed and believes, $10,000 was paid at the time of said conveyance, and the remainder secured by a deed of trust executed by said Clarke Whittier to W. L. Hilliard, conveying the said lands to said Hilliard as trustee in trust to secure the payment of the remainder of said purchase-money. That since said first above-mentioned conveyance, as affiant is informed and believes, various amounts have been paid upon said remainder of said purchase-money until the balance now due thereon does not exceed the sum of $15,000. That said trustee, Hilliard, died on or about 11 October, 1890, and the defendant W. A. Gibson has been duly appointed trustee in *Page 414 
his place. That on or about 17 May, 1887, the said Clarke Whittier died, leaving a last will and testament, which has been duly admitted to probate in said county of Swain, and the defendant E. Everett, on 7 October, 1889, was duly appointed administrator cum testamento annexo of said Whittier.
2. That on or about 2 August, 1890, the said defendant Everett, as by said will he was duly authorized to do, conveyed the lands hereinbefore described to Natt Atkinson, C. E. Graham and J. M. Thrash for the price of $40,000. That of this sum $8,000 was paid to said Everett on or about 2 August, 1890, and the said Natt Atkinson, C. E. Graham and J. M. Thrash executed their promissory notes under seal to said Everett for $32,000, copies of which are hereto annexed, except one note for $6,000 which was not embodied in deed of trust to Fry, and to secure the payment of the same conveyed said lands to A. M. Fry, trustee, in trust to sell said lands under certain conditions named in said trust deed. That of the said sum of $40,000 there is still due said (672) Everett about the sum of $16,000, with some interest, upon the conditions hereinafter mentioned.
3. That on or about 15 August, 1890, the said Natt Atkinson, C. E. Graham and J. M. Thrash sold to B. L. Duke an undivided fourth interest, for which said Duke has paid about $23,400, and since said sale to said Duke said Natt Atkinson has conveyed the remainder of his interest in said land to E. B. Atkinson and C. B. Atkinson, two of the plaintiffs above named, and the said C. E. Graham has conveyed his interest in said land to the plaintiff M. S. Ray, wife of the plaintiff J. E. Ray.
4. That since the conveyance to said Duke he has made an assignment, as affiant is informed and believes, of all his property, including his interest in said land, to the plaintiffs, V. Ballard and J. F. Wily, as his assignees.
5. That the plaintiffs are the owners in fee simple of said lands, subject to liens for unpaid purchase-money, provided the titles of those who conveyed the same to said Clarke Whittier were not defective. That, as affiant is informed and believes, the vendors of said Clarke Whittier did not have or convey to said Whittier a good and indefeasible title to all of said lands, but on the contrary there are large parcels of the same held and claimed by other persons under grant from the State and mesne
conveyances.
6. That, as affiant is informed and believes, there is now an action pending in the county of Swain, or in the Supreme Court, between the heirs of one Allison as plaintiffs and R. V. Welch, and the heirs of said Clarke Whittier as defendants, wherein said plaintiffs claim to be the owners of an undivided sixth interest in the whole of said lands. *Page 415 
7. That by express stipulation in the notes executed by said Natt Atkinson, C. E. Graham and J. M. Thrash to the defendant E. Everett, administrator of said Clarke Whittier, said notes were (673) not transferable or payable until all liens and liabilities on or against the land are paid and discharged, but, notwithstanding said express stipulation, the defendant A. M. Fry, trustee in the deed of trust of said land, to secure said notes, professing to act under the power conferred on him by said deed, but in flagrant violation of said stipulation contained in said notes, has advertised said land for sale to pay said notes, and threatens and intends, unless restrained, to sell the same at the courthouse in said county of Swain, on or about 31 January, instant; that said Fry is acting in concert with his confederates, Everett and Gibson and Welch, as affiant is informed and believes, that each of these defendants knows that all liens and liabilities on said lands have not been paid or discharged, and also knows the title to such of said lands is in dispute, and cannot be settled until after protracted litigation; that affiant is informed and believes that the defendant Welch has threatened that if the defendants Everett and Fry shall be restrained from selling said lands he will have the same advertised and sold under the deed of trust from Clarke Whittier to W. L. Hilliard by the defendant Gibson, who has been appointed trustee in the place of Hilliard.
Affiant further swears that the heirs of Clarke Whittier all reside beyond the limits of the State, and if said Everett, administrator, is permitted to collect said purchase-money and pay the same or any part thereof to said Whittier heirs, these plaintiffs will not be able to recover the same without great trouble and expense, and perhaps not at all, for affiant does not know that said Whittier heirs, or any of them, are solvent.
8. Affiant is informed and believes there exists an agreement between the defendant Everett and those entitled to receive the remainder of the purchase-money from the estate of said Clarke Whittier that only the interest shall be required to be paid until all claims and (674) encumbrances shall be removed from said lands, now that a sum sufficient has been paid to said Everett to pay said interest.
Affiant adds that, as he is informed and believes, there are several thousand acres of said lands, lying near the center of the northwest end of the tract, claimed by the Foster heirs, and known as the Foster grant, which the plaintiffs will not probably be able to hold. At all events, as affiant believes, the claim of said Foster heirs will be litigated and considerable time and expense will be required to procure a settlement of the dispute. *Page 416 
The plaintiff have commenced an action against the defendants for an injunction, etc. The plaintiffs pray that the defendants, their agents, servants and employees, be restrained and enjoined from selling said lands, and for such other relief as the facts case may entitle them to have.
The stipulation or condition contained in the notes was as follows:
"But this note is not payable or transferable until all liens and liabilities on and against the lands in Swain County, N.C. known as the `Whittier lands' are paid or discharged."
E. Everett, one of the above-named defendants, being duly sworn, deposes and says:
1. That he is informed and believes that paragraph 1 of the affidavit filed by E. B. Atkinson is true, except that there is not more than the sum of $14,000 due on these notes secured by deed of trust executed by Clarke Whittier to W. L. Hilliard, trustee.
2. That paragraph 2 of the said affidavit is true, except that there is due this affiant the sum of $19,562.66, with interest to 15 (675) March, 1894, as administrator of Clarke Whittier, including principal and interest, but there is nor has been no dispute between this affiant and plaintiffs as to the amount remaining unpaid on said notes.
3. That as to paragraph 3 of said affidavit this affiant has not any knowledge or information sufficient to form a belief.
For further answer to said affidavit this affiant says: That he sold what is known as the 50,000-acre Whittier tract of land to Natt Atkinson, C. E. Graham and J. M. Thrash at a greatly reduced price, to wit, $40,000, because the same was then advertised for sale by virtue of a power contained in deed of trust executed by Dr. Whittier to W. L. Hilliard, trustee, to secure the purchase-money; that said sale was a sale in gross of the lands described in the deed executed by this affiant and was not a sale by the acre; that this affiant cannot speak of his own knowledge as to the Foster claims, but he is informed and believes that Capt. M. E. Carter, after a thorough investigation of the title to the Whittier lands, made an abstract of same, and in said abstract stated that "evidently Foster and those who have purchased from him have been advised that inasmuch as his entries were junior to our entry, he or they would be declared mere trustees of the legal title for the benefit of the present owners, should they ever attempt to make any claim; that the plaintiffs and those under whom they claim have been in possession of large portions of the Whittier tract; and this affiant is informed and believes that there has been no adverse possession under the Foster claims, and the plaintiffs have not been evicted or disturbed in their *Page 417 
possession; that at the time of the sale of land by this affiant to said Graham, Atkinson and Thrash a suit on the Allison claim was then pending in the Superior Court of Swain County and said vendees had full notice, both actual and constructive of said claim; that the validity of said claim was fully discussed at the time of said sale, (676) and Capt. M. E. Carter, the legal adviser of said vendees, advised them that they need not fear the Allison claim, as there was nothing in it; . . . that it was the true intent of the conditions in the notes referred to in the affidavit for plaintiffs that the money should be first applied to the payment of the purchase-money, deed of trust to W. L. Hilliard, trustee, and any judgments that were a lien on the land, and never contemplated the Allison claim, or a defective title, or defect in the quantity of land, and a copy of the deed of trust under which the defendants were proceeding to sell is hereto attached and marked Exhibit "A"; that at the time of said sale to plaintiffs there were several judgments docketed which were a charge on the estate of the said Clarke Whittier, deceased, but the same were fully satisfied before the land was advertised for sale and before this action was brought; that at the last term of the Superior Court of Swain County, on the trial of the action brought on the Allison claim (which motion is now pending in the Superior Court), the following issue was submitted to the jury: "Are plaintiffs the owners and entitled to the possession of an undivided sixth part of the 50,000-acre tract?" and said issue was answered "No"; that in the deed from R. V. Welch and others to Clarke Whittier for land described in plaintiffs affidavit there were full covenants of seizin, general warranty, etc.; that said grantors are solvent, and especially R. V. Welch, who is a resident of this State and amply able to answer on his covenants for any defect of title; that said affiant has no knowledge or information sufficient to form a belief as to the threats of Welch to advertise said land as spoken of in plaintiffs' affidavit; that this affiant has no intention of paying any of the proceeds of the sale to the devisees or legatees of Clarke Whittier until all liabilities against the estate and matters in dispute are settled; that the (677) deed of trust, as this affiant is advised and believes, makes it the duty of A. M. Fry, the trustee, to see that enough of the proceeds of a sale should be applied to the satisfaction of the deed of trust executed to W. L. Hilliard, trustee, and any judgments, liens, if there were any; that if said W. L. Hilliard, deed of trust was satisfied out of the amount due this affiant by vendees, there would still be due the estate of Clarke Whittier a considerable amount, which is necessary to the proper administration of said estate; that the amount due from plaintiffs is the only available fund with which to pay the Hilliard trust deed and to pay the costs of administration, as the balance of the estate consists mostly *Page 418 
of mountain lands for which there is no present sale, and it would be a great hardship to this affiant to deprive him of the only means by the aid of which he can perform the conditions in the deed of trust hereto attached, that is to say, the payment of the Welch and Hilliard liens, and also to deprive him of the balance due the estate after satisfying the said liens; that there are several pressing debts due from the estate, and the amount due from the plaintiffs is necessary to discharge same, as the other assets of the estate cannot easily be rendered available for such a purpose without a great sacrifice; that the estate of Clarke Whittier is solvent, and affiant is informed and believes that the devisees and legatees of said Whittier are entirely solvent; that this affiant is advised and believes that the title to the Whittier lands sold to aforesaid vendees, Graham, Atkinson and Thrash, is good and indefeasible, but if there are any defects in said title they were known to the said vendees when they purchased, and that the condition of said title has in no way changed since said purchase by said vendees; that this affiant is (678) informed and believes that said vendees caused the title to said lands to be examined by counsel learned in the law, to wit Capt. M. E. Carter, before they bought same, and that if there were any defects in said title they were fully advised of same before purchasing as aforesaid.
There seems to us to have been no error in continuing the injunction to the hearing. Whitaker v. Hill, 96 N.C. 2, and the numerous cases that have affirmed that decision apply to this appeal.
No error. Affirmed