H. WEIL & BROS. v. J. H. THOMAS et al.

*Action to Foreclose Mortgage—Husband and Wife—Mortgage of Wife's Land as Security for Husband's Debt—Principal and Surety—Exoneration of Surety Land.*

1. A married woman, who has mortgaged her land as security for her husband's debt, has the rights of a surety as to the liability thus imposed on her property, and is entitled to have all of her husband's estate included in the mortgage exhausted to the exoneration of hers; she may also object to the diversion of funds that should have been applied on the debt to her exoneration, if made without her consent.

2. In such case the heirs of the wife are entitled to the same protection.

CIVIL ACTION for the foreclosure of a mortgage, heard by *Connor, J.,* at April Term, 1892, of WAYNE Superior Court, upon an agreed statement of facts, which was substantially as follows:

The defendant J. H. Thomas, being indebted to the plaintiffs in the sum of $1,382.60, executed to them his bond therefor, dated 13th of December, 1880, payable on January 1, 1882, with interest at eight per cent., and to secure the payment of the same he and his then wife, Sarah J. Thomas, conveyed to the plaintiffs, by way of mortgage with power of sale, two tracts of land, one known as the "Hinson Tract," containing 192 acres, which was the separate property of the wife, Sarah J. Thomas, and the other known as the "Sand Hill Tract," containing 400 acres, the property of said J. H. Thomas. During the year 1882 Thomas paid on the bond at various times the aggregate sum of $318, which was duly credited.

In December, 1883, J. H. Thomas and wife sold and conveyed 100 acres of the "Sand Hill" tract to William Grant for $400, which was paid to the plaintiffs, who applied it, with the consent of J. H. Thomas, to another debt which he owed them not included in the mortgage.

During the marriage of J. H. Thomas and Sarah J., his wife, only one child was born, which died prior to the death of Sarah J., who after the conveyance of the 100 acres died, leaving as her heirs at law the defendants other than J. H. Thomas and Lucy J. Thomas, with whom he afterwards intermarried.

On the 14th day of December, 1886, the plaintiffs, pursuant to the power of sale in said mortgage, sold the said lands, other than the 100 acres sold as aforesaid, at public auction at the court-house door in Goldsboro, after due advertisement, when and where James Long bid off said "Hinson Tract" at the price of $1,100, and thereafter one R. G. Powell bid off the "Sand Hill Tract" at the price of $500. The plaintiffs executed deed for the said tracts to Long and Powell, reciting as the consideration therefor the sums bid by the said grantees respectively.

The purchase by Long was merely colorable and not a *bona fide* purchase. He became the purchaser by arrangement between J. H. Thomas and H. & S. Weil, under an agreement to convey the land to J. H. Thomas, and no part of the sum recited to have been paid by Long to H. & S. Weil was ever paid or intended to be paid. On the same day Long conveyed said land to Thomas, reciting the receipt of $1,100 as the consideration therefor, no part of which was ever paid, or intended to be paid. The whole transaction had for its purpose the vesting of the title to the lands in J. H. Thomas and enabling him to convey the same in mortgage to the plaintiffs, and this purpose was known to and participated in by H. & S. Weil. Upon the said 14th day of December, 1886, R. G. Powell conveyed to the said J. H. Thomas the land so purchased by him, and on the same day Thomas and wife, Lucy J., executed to the plaintiffs a mortgage upon both of the above-mentioned tracts of land to secure an indebtedness of the said J. H. Thomas to H. & S. Weil and E. Rosenthal, in which was included the part of the note of said December 13, 1880, then unpaid, which is the mortgage set forth in the complaint.

Payments were made on the said note last mentioned as follows: January 11, 1887, $73.53; January 15, 1889, $250.16; January 4, 1890, $125.08; May 9, 1891, $103.47. At the time of the said sale the said "Hinson Tract" was worth $2,000.

Upon the foregoing agreed statement of facts his Honor found that the defendant was indebted to the plaintiffs in the sum of $1,752.96, of which $700 was the balance due on the note secured by the mortgage which J. H. Thomas and his wife, Sarah J., executed in 1880, and as such was a charge upon the Hinson tract as against the heirs of Sarah J., subject to which charge the defend-

ant J. H. Thomas had a life estate therein, which (subject to the charge of the $700) he and his wife, Lucy J., had conveyed to the plaintiffs. It was therefore adjudged as follows:

"That the life estate of the said John H. Thomas be sold by the commissioner hereinafter appointed, upon the terms herein set forth for the payment of the said charge of $700, with interest thereon at eight per cent. from April 18, 1892, and that if the said life estate shall sell for more than said $700 the excess shall be applied first to the payment of the costs of this action and then to the balance due the plaintiffs upon the judgment herein; and if the same shall not sell for the said $700 then the said commissioner shall proceed to sell the reversionary interest in the said Hinson tract to pay any balance of said $700 that the sale of the said life estate shall fail to discharge.

"It is further considered and adjudged by the Court that the said 'Sand Hill Tract' be sold by said commissioner for the payment of the sum of $1,052.96, the amount of the judgment herein, after deducting the said $700, or so much of said $1,052.96 as shall remain after applying to the same any excess of the proceeds of the sale of the life estate over the said $700 and costs.

"It is further considered and adjudged that costs of this action, if the sale of the said life estate shall not realize a sufficient sum to pay said $700, interest and costs, be paid out of the fund in the proportion that the proceeds of sale of the 'Hinson Tract' bear to the proceeds of the sale of the 'Sand Hill Tract.'"

*Messrs. Allen & Dortch*, for plaintiffs (appellants).
No counsel *contra*.

BURWELL, J.: We find no error in the judgment to which the defendants except. It conforms to the principle

announced in *Shinn* v. *Smith,* 79 N. C., 310; *Davis* v. *Lassiter,* 112 N. C., 128, and *Hinton* v. *Greenleaf,* 113 N. C., 6, and cases there cited.

According to these authorities a married woman who has mortgaged her land to secure the payment of a debt of her husband has the rights of a surety as to the liability she has thus imposed on her property, and can require that all of her husband's estate that is mortgaged to secure the debt shall be exhausted before her land is sold, and she has a right to object to the diversion of funds that should have been applied on the debt to her exoneration, if such diversion was made without her consent.

She being dead, her heirs are entitled to like protection. It is proper and just that all the husband's interest in the land covered by the mortgage should be exhausted before the estate of her heirs therein shall be taken and sold.

Affirmed.